[Crim. No. 5283.   Second Dist., Div. Two.   Mar. 17, 1955.]

THE PEOPLE, Respondent, v. MIKE M. FERNANDEZ, Appellant.

David C. Marcus for Appellant.

Edmund G. Brown, Attorney General, and James D. Loebl, Deputy Attorney General, for Respondent.

FOX, J.—Defendant was indicted and convicted of selling heroin in violation of section 11500 of the Health and Safety Code.   He appeals from the ensuing judgment and the order denying his motion for a new trial.

On February 2, 1954, John Rubalcava, a police officer of the city of Los Angeles assigned to the narcotic detail, drove out to 1243 Mott Street, in San Fernando.   He was with George Morales.   Defendant, who was on the street, came over to the car and was introduced to Rubalcava by Morales.

After exchanging greetings and some conversation, Rubalcava asked defendant to pass him "a cap" if he had any. Defendant replied, "Yes, I have some, but let's go around the block as I don't want that old lady to see us," indicating a lady next door. Defendant then got into the car and Rubalcava drove around the block and parked in front of 1211 Griffith. There defendant produced a green balloon from which he took a No. 5 gelatin capsule containing a grayish powder. Defendant handed this capsule to the officer and in return received a $5.00 bill from him. Rubalcava asked defendant, "Is the junk any good?" Defendant, addressing his question to Morales, replied, "Yes, I never burn any one, do I?" Morales then stated, "No, you have nothing to worry about. He never burnt anyone. He sells good stuff." Rubalcava marked the capsule with his initials, "J.R.," placed it in a manila envelope, put that envelope in a larger manila envelope, sealed the larger envelope and placed his thumb print on the seal. Jay A. Allen, an expert forensic chemist employed by the Los Angeles Police Department, received the envelope and its contents from the city property clerk's office on the following day. He opened the large envelope by cutting around the red sealing wax, found a smaller envelope, and inside the latter was a single capsule containing a powder which he examined and found to be a narcotic known as heroin. This capsule, which was empty and had been crushed, was identified by Rubalcava at the trial, by his initials thereon, as the one he had purchased from defendant.

■ Defendant contends that the evidence is insufficient to sustain the conviction. He argues that the People failed to prove that the powder in the capsule was heroin. The record does not support his position. It is certain that the crushed, empty capsule which was exhibited to Officer Rubalcava at the trial, and which was a part of the grand jury exhibit about which the police chemist testified, was the same capsule that the officer purchased from defendant since the officer was able to make out his initials which he had written thereon. The chemist testified he examined the powder in the capsule in this exhibit and found it to be heroin. It is thus clear that the capsule and its contents were traced from the defendant to the officer, then to the chemist who analyzed the contents, and finally this same capsule, empty and crushed, was identified by the officer. The powder was no doubt destroyed and the capsule crushed

when it was discovered the contents were contraband. It was not essential to the People's case that the contents of the capsule be produced in court since the chemist had examined it and determined it to be heroin. (See *People v. Candalaria*, 121 Cal.App.2d 686, 689 [264 P.2d 71].) From the foregoing it is manifest that the evidence amply sustains the conviction.

On the hearing of the motion for a new trial the defense produced George Morales, who introduced defendant and Rubalcava and who remained in the front seat of the car between the officer and the defendant while the former drove around the block. Morales testified he did not see defendant hand the officer "a cap of heroin," and did not see the officer give the defendant $5.00. He denied that any transaction involving the sale of a narcotic took place on that occasion. Defendant contends that because of this testimony his motion for a new trial should have been granted. The trial court, however, may well not have believed Morales' testimony in view of the fact that he and the defendant had been friends since childhood. There was clearly no abuse of discretion in denying defendant's motion.

The judgment and order are affirmed.

Moore, P. J., and McComb, J., concurred.