The STATE of North Dakota,
Plaintiff-Appellee,

v.

Valentine JACOB, Jr.,
Defendant-Appellant.

Cr. No. 492.

Supreme Court of North Dakota.

Oct. 10, 1974.

Rehearing Denied Oct. 31, 1974.

F. C. Rohrich, State's Atty., Linton, for plaintiff-appellee.

William R. Mills, Bismarck, for defendant-appellant.

ERICKSTAD, Chief Justice.

The defendant, Valentine Jacob, Jr., was charged by criminal information in Emmons County with the offense of aggravated assault and battery for inflicting bodily harm upon the complainant, Mathias Jahner, in violation of Section 12–26–10, N.D. C.C. A jury trial was held in the District Court for Emmons County and a verdict of guilty was returned. Jacob filed a timely notice of appeal, stating that he appealed from "the judgment of conviction made February 11, 1974, upon the verdict of guilty rendered February 5, 1974."

It appears from the record that no judgment of conviction has been entered in this case. In times past, this may have meant dismissal. In 1965, however, our Legislature amended Section 29–28–06, N.D.C.C., to read:

" * * * An appeal may be taken by the defendant from:

"1. A verdict of guilty; * * * "

We are of the opinion that no prejudice results from treating this appeal as an appeal from the guilty verdict. Accordingly,

we shall proceed to the merits of this appeal.

For reasons to be stated, we vacate the verdict, reverse all subsequent orders or judgments, and remand for a new trial.

The facts that generated this prosecution may be briefly stated. In 1973, Jacob was 70 years of age; Jahner was 64 years of age. For some years, the two had been adjoining landowners in Emmons County. On October 9, 1973, Jacob and his son were excavating an approach on their property, near the section line which was common to them and Jahner. Jahner approached Jacob, apparently to inquire as to the nature of his work. Words were exchanged and an altercation between Jacob and Jahner ensued. It is undisputed that Jacob struck Jahner. The testimony was conflicting, however, as to what precipitated Jacob's action. Jacob testified that Jahner struck the first blow, with no provocation. The State introduced at the trial testimony of Jahner taken at the preliminary hearing, which was to the effect that Jahner had in no way provoked the attack. This testimony was allowed to be used as substantive evidence, as Jahner died between the preliminary hearing and the trial.

Jacob contends that several reversible errors were made at the trial. Specifically, he alleges that 1) the trial court erred in its instructions to the jury relative to self-defense; 2) the trial court erred in permitting the preliminary hearing testimony of the complainant to be used as substantive evidence at trial; 3) the jury was biased, and for this reason it was error to deny defendant's motion for a change of venue or, in the alternative, a trial to the court; and 4) the summation of the prosecutor was prejudicially improper, and it was error on the part of the trial court not to correct the summation.

The trial court gave the following as its instruction on the issue of self-defense:

"To use or to attempt or to offer to use force or violence upon or toward the person of another is not unlawful in the following cases:

"(1) When committed either by the party about to be injured or in preventing or attempting to prevent an offense against his person or any trespass or other unlawful interference with real or personal property in his lawful possession, *if the force or violence used is not more than sufficient to prevent such offense.*" [Emphasis supplied.]

■ Jacob contends that the instruction should have been supplemented by advising the jury that the force exercised in one's self-defense is not deemed excessive if it is no greater than that which the actor reasonably believed to be necessary to repel the offense at the time of the incident.

We believe that Jacob's contention is correct. We believe the law to be as stated in 1 Anderson, Wharton's Criminal Law and Procedure § 350 (1957), at 702:

"[T]he question to be determined by the jury [in self-defense cases] is not whether the force used was actually necessary to repel the attack, or whether some other or lesser force might have been adequate to the defendant's emergency, but whether, when he did use the force, he had, under all the circumstances, reasonable cause to believe and did believe that such force was necessary to protect himself from impending danger of great bodily harm."

In State v. Hazlett, 16 N.D. 426, 113 N.W. 374 (1907), this court discussed the standard to be used in determining whether a person's conduct in repelling an attack is justified, *viz.,* whether the conduct amounts to lawful self-defense or illegal aggression. In *Hazlett,* the defendant was convicted of murder. On appeal he urged that the trial court's instruction on self-defense was erroneous. In a discussion of the self-defense instruction, this court said:

"[D]efendant's conduct is not to be judged by what a reasonably cautious person might or might not do or consider

necessary to do under the like circumstances, but what he himself in good faith honestly believed and had reasonable ground to believe was necessary for him to do to protect himself from apprehended death or great bodily injury." State v. Hazlett, *supra,* 113 N.W. 374 at 380.

The instruction given in the instant case contained no admonition to the jurors that they should find that excessive force was used only if they found that defendant used a greater force than the defendant reasonably believed to be necessary. The instruction stated only that the force used in self-defense must not be "more than sufficient to prevent such offense." Although this is a quotation of the statute itself, it is incomplete and therefore erroneous. Under this instruction, a person repelling an attacker could be convicted of a crime if the jury, using 20–20 hindsight, determined that the force used was not actually necessary, whereas a person would be entitled to an acquittal under a proper instruction if the jury believed the person repelling the attacker reasonably believed he acted with no more force than necessary to prevent the offense.

We therefore reverse on this ground alone. Since the instruction was incomplete and thereby misleading and since it related to a subject central to the case, it affected the substantial rights of the defendant and accordingly entitles him to a new trial. State v. Haakenson, 213 N.W.2d 394 (N.D. 1973); State v. Maresch, 75 N.D. 229, 27 N.W.2d 1 (1947).

In defense of the trial court's instruction it should be noted that the instruction given was taken from the North Dakota Jury Instructions published by the State Bar Association of North Dakota and is a direct quotation of § 12–26–03, N.D.C.C.

▮ It must be recognized, however, that the North Dakota Jury Instructions are suggested instructions only. They must be considered in light of our previous decisions and the ever-developing criminal law.

Furthermore, the instruction is no less erroneous because it is a direct quotation of the applicable portions of § 12–26–03, N.D. C.C. This statute has been judicially construed to mean that the excessiveness or nonexcessiveness of the force used in one's self-defense is to be determined by reviewing the circumstances from the defendant's standpoint.

In State v. Graber, 77 N.D. 645, 44 N.W.2d 798 (1950), defendants were convicted of aggravated assault and battery. At issue in *Graber,* as in the instant case, was whether the force used in self-defense was excessive. Citing § 12–2603, N.D.R.C. 1943, the applicable provisions of which are identical to those of the present statute, the defendants argued that it is not necessary that there be actual danger to justify self-defense, if, from the defendant's standpoint it appeared to him that he was in great danger, and if the defendant acted in a way he, in good faith, believed necessary. We stated in *Graber* that, undoubtedly, defendant's contention was correct.

Although resolution of Jacob's first contention has proved to be dispositive of this appeal, we are obliged to discuss his second contention, as the issue will surely arise again at retrial. His second contention is that the preliminary hearing testimony of the complainant should not have been admitted as substantive evidence at trial. He suggests that there are two reasons supporting this contention.

He asserts, first, that examination at a preliminary hearing is not as extensive and does not have the same focus as examination at trial and, second, that because Jahner had a hearing problem, there was no opportunity for meaningful cross-examination.

We find neither of defendant's arguments to be persuasive.

▮ The key to the admissibility of former testimony of a witness is the unavaila-

bility of that witness at the subsequent trial. California v. Green, Harlan, J., *concurring,* 399 U.S. 149, 172, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970); *cf.* Mancusi v. Stubbs, 408 U.S. 204, 92 S.Ct. 2308, 33 L.Ed.2d 293 (1972); Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968).

■■ We have held that where a witness is unavailable for trial, his testimony at a former trial of the same issue is admissible where there was, at the first trial, adequate opportunity for cross-examination. State v. McCarty, 49 N.D. 912, 194 N.W. 335 (1923). We think that the safeguards present at the preliminary hearing were adequate. The complainant was unavailable, having died prior to the trial. At the preliminary hearing the defendant had an opportunity to cross-examine the complainant and, in fact, did conduct a lengthy examination of the complainant. If the cross-examination was not as penetrating or extensive as it might have been, it was only because counsel for the defendant chose not to make it so. The judge who presided at the preliminary hearing is not alleged to have curtailed the cross-examination in any way.

Under these circumstances, where the choice is between receiving relevant testimony which is subject to all the safeguards of reliability or of rejecting it, and losing the only meaningful evidence the State could produce, the ruling of the trial court to admit it was proper. This is consistent with the rule followed in a majority of jurisdictions either by statute or by case law. 3 C. Torcia, Wharton's Criminal Evidence § 650 (13th ed. 1973).

■ Defendant's second argument is that the cross-examination was rendered meaningless because of complainant's hearing problem. We find no merit in this contention. The right to confront one's accuser guaranteed by our Federal and State Constitutions does not include the right to keep out the testimony of imperfect witnesses. Witnesses must be taken as they

are found, and the testimony of a witness will not be excluded because that witness is disabled in some manner. If, in the instant case, complainant, due to his hearing problem, gave irrelevant or unresponsive answers to questions put to him, this was a matter for the jury to consider in deciding the weight to be given to the complainant's testimony. This was not a basis for excluding the testimony from the jury's consideration.

Accordingly, we conclude that it was not error for the trial court to receive the preliminary hearing testimony of the complainant.

We have considered the defendant's other objections and find that they are not supported by the facts.

■ The defendant alleges that the jury was prejudiced and that defendant should have been allowed a change of venue or a trial to the court. Defendant offers little evidence in support of this allegation, however. No affidavits were filed showing that the community was biased or that the jury was predisposed to finding against the defendant. At the trial, the defendant did not exercise all of his peremptory challenges, and he has made no showing on appeal that any challenges for cause were denied him by the trial court. State v. McCarty, 49 N.D. 912, 194 N.W. 335 (1923), State v. Gordon, 32 N.D. 31, 155 N.W. 59 (1915). Accordingly, we find no merit in this contention.

The defendant also contends that the prosecutor's summation was prejudicial and should have been corrected by the trial court. The defendant's main objection in this respect is that the prosecutor stated in argument to the jury that when a man claims self-defense he must "show that to you beyond a reasonable doubt." This is an incorrect statement of the law. The trial court correctly instructed the jury to disregard the bare opinions of counsel and, furthermore, instructed the jury that the State

must prove that the assault was committed without justifiable cause.

Since we have previously concluded herein that the trial court erred in the instructions to the jury on self-defense and as that error requires the granting of a new trial, we need not and do not determine whether the prosecutor's statement herein prejudiced the defendant.

For the reasons stated in this opinion, we vacate the verdict and any judgment or order based thereon and remand the case for a new trial.

KNUDSON, PAULSON, JOHNSON and VOGEL, JJ., concur.