STATE of North Dakota, Plaintiff and Appellee,

v.

Pat GARVEY, Defendant and Appellant.

Cr. No. 665.

Supreme Court of North Dakota.

Aug. 2, 1979.

Charles J. Gilje, State's Atty., Jamestown, for plaintiff and appellee.

Pope & Stites, Jamestown, for defendant and appellant; argued by Georgia M. Pope, Jamestown.

SAND, Justice.

Pat Garvey was convicted in district court on a charge of delivery of a controlled substance. He appealed to this court, arguing the admission of certain hearsay evidence at his trial was a violation of his constitutional right of confrontation. Reversed and remanded.

On 6 April 1978, William Johnson was working as an undercover agent in Jamestown at the request of James Lobsinger of the North Dakota Bureau of Criminal Investigation. At the defendant's preliminary examination, Johnson testified he purchased a bag of marijuana from the defendant at 5:30 p. m. on 6 April 1978. The defendant was arrested and after a preliminary examination was bound over to district court for trial. At a bench trial held on 16 November 1978, the State sought the introduction of Johnson's testimony from the preliminary examination on the ground that Johnson was unavailable for trial. Johnson's prior testimony was admitted and the State called James Lobsinger as its only other witness. Lobsinger testified he told Johnson that the defendant, among others, might be dealing in controlled substances. He further testified that Johnson called him on 6 April 1978 at about 5:30 p. m. stating he had some evidence he wanted to turn over. The two men met at approximately 7:00 p. m. the same evening and Johnson gave to Lobsinger what was later identified as a bag of marijuana. Lobsinger placed the bag of marijuana in an envelope and sealed it. Lobsinger also testified as to writings on the envelope made in his presence by Johnson, which read:

"One bag alleged marijuana, purchased from Pat Garvey, 1611 11th Ave. N.E., Jamestown; Time, 5:35 p.m.; Date, 4–6–78; Purchased by William H. Johnson."

When the State sought to introduce into the record the bag of marijuana, along with the envelope and the writings thereon, the defendant objected on grounds of hearsay. The trial court admitted the evidence over the defendant's objection and, at the conclusion of trial, pronounced a verdict of guilty. The defendant filed a notice of appeal from this verdict on 11 December 1978. No judgment has been filed in this case as yet, nor has sentence been pronounced.

■ The State argued the defendant's appeal was not timely as the defendant filed the notice of appeal 25 days after the trial court announced its verdict. The State contended the defendant must file the notice of appeal within 10 days after the order appealed from, as required by Rule 4(b), NDRAppP.

This court has held that an appeal may be taken from a guilty verdict where a judgment of conviction has not been entered. *State v. Jacob*, 222 N.W.2d 586 (N.D.1974). See § 29–28–06, NDCC. In addition, Rule 4(b), NDRAppP, provides in part:

"In a criminal case the notice of appeal by a defendant shall be filed with the clerk of the trial court within 10 days after the entry of the judgment or order appealed from. A notice of appeal filed after the announcement of a decision, sentence, or order but before entry of the judgment or order shall be treated as filed after such entry and on the day thereof."

In this case, although the trial court announced a verdict of guilty, no order or judgment has been entered. Therefore, in accordance with Rule 4(b), NDRAppP, the appeal from the verdict is treated as filed on the date judgment is entered. Because, according to the record before us, judgment has not yet been filed, we conclude the notice of appeal will be treated as filed on the date judgment is entered even though it may be a future or fictitious date. It would serve no useful purpose, nor is it required, that the case be remanded for the sole purpose of entry of judgment before the merits of the case can be decided. Consequently, we conclude the defendant's notice of appeal was timely under the circumstances of this case.

The defendant argued the admission into evidence of the envelope with the writings

on it made by Johnson violated his right of confrontation guaranteed under the Sixth Amendment to the United States Constitution and § 13 of the North Dakota Constitution. The writings on the envelope identified the marijuana in it as having been purchased from the defendant. Without the envelope and the writings contained thereon, there was no evidence to establish the marijuana offered into the record was the same substance Johnson allegedly purchased from the defendant.

The writings contained on the envelope were offered by the State through Lobsinger to prove the truth of the statements and therefore were hearsay. Statements by the trial court indicated the evidence was received, pursuant to either Rule 804(b)(1) and (5), NDREv, or a business records exception to the hearsay rule.

■ Rule 804(b)(1) provides testimony of a witness at a prior hearing or deposition may be received if the party against whom it is offered has an opportunity and similar motive to develop the testimony. This exception to the hearsay rule permitted the admission at trial of Johnson's testimony at the preliminary examination, even though the defendant may have had significantly less incentive to cross-examine the witness at the preliminary examination hearing than at the trial. See *California v. Green*, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970); *State v. Jacob*, 222 N.W.2d 586 (N.D.1974). The exception, however, cannot serve as the basis in this case for the admission of the writings contained on the envelope. These writings were not made under oath, nor were they offered at the preliminary examination. The preliminary examination contains no reference to the writings, nor was there any testimony at the preliminary examination that the substance allegedly purchased by Johnson from Garvey was the same substance introduced by the State at the trial.

■ The envelope and writings thereon were also not admissible under Rule 804(b)(5), NDREv. This exception allows the introduction of hearsay evidence not covered by any of the other exceptions of Rule 804(b) if the statement has equivalent circumstantial guarantees of trustworthiness as the other exceptions. The rule requires the trial court to determine that (1) the statement is offered as evidence of a material fact; (2) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (3) the general purposes of the Rules of Evidence and the interests of justice will best be served by admission of the statement into evidence. In addition, the rule requires the proponent of the statement to give written, advance notice to the adverse party and the court of his intention to offer the statement. The State, in this case, did not comply with the notice requirements of Rule 804(b)(5). Nor has the State shown the writings have equivalent circumstantial guarantees of trustworthiness as the other four exceptions.[1] Each of these four exceptions has characteristics inherent in its nature which provide some degree of trustworthiness. The State has failed to show any reason why the character of either Johnson or the writings on the envelope provided some assurance of truth or trustworthiness. Neither the general purposes of the rules, nor the interests of justice, would be served in this case by the introduction of written hearsay evidence for the purpose of establishing an element of a crime where the defendant is not given the opportunity to cross-examine the author of the writings, and neither the officer nor the writings display any guarantees of trustworthiness.

■ The writings were also not admissible under a business records exception to the hearsay rule. The writings introduced in this case are not business records as such,

---

1. The other exceptions under Rule 804(b), NDREv, consist of: former testimony; statements under belief of impending death; statements against interests; and statements of personal or family history.

as they were not kept in the course of a regularly conducted business activity. Rule 803(6), NDREv. Nor were the writings admissible as a public record or report under Rule 803(8), NDREv, as that rule specifically excludes matters observed by police officers and other law enforcement personnel in a criminal case. The reason for this exclusion from the exception is that these public records and reports, like business records, when offered to prove an essential element of the crime or connect the defendant directly to the commission of the crime, are likely to violate the defendant's constitutional rights of confrontation. See *State v. Matousek*, 287 Minn. 344, 178 N.W.2d 604, 608 (1970); *Phillips v. Neil*, 452 F.2d 337, 348 (6th Cir. 1971), *cert. denied*, 409 U.S. 884, 93 S.Ct. 96, 34 L.Ed.2d 141; *State v. Wiley*, 295 Minn. 411, 205 N.W.2d 667, 674–675 (1973); *State v. Tims*, 9 Ohio St.2d 136, 224 N.E.2d 348, 351 (1967); *Commonwealth v. McCloud*, 457 Pa. 310, 322 A.2d 653, 656 (1974). We conclude the writings on the envelope were hearsay and were not admissible under any of the exceptions to the hearsay rule. Accordingly, the trial court erred in allowing the admission of the envelope and the writings on it for purposes of proving the marijuana offered into evidence was purchased by Johnson from the defendant.

■ The State argued that even if the writings were inadmissible, their admission in this case was harmless error. It argued that when the content of the writings was read into the record by Lobsinger and the defendant did not object to that reading nor make a subsequent motion to strike, the content of the writings became a part of the record and later admission of the writings was harmless error. We disagree.

The record indicates Lobsinger was questioned at trial as to what Johnson had written on the envelope. When the envelope was later offered into evidence, the defendant objected to its admission if it were being offered to prove the truth of the writings. This objection was sufficient to preserve the question for our review. In a trial before the court, such as the present one, the defendant was justified in waiting to object to the evidence until it was offered. References to the evidence prior to the time it was offered could have been admissible for purposes of laying a foundation or proving something other than the truth of the matter contained in the writings. The defendant had a right to rely on the trial court's ability to separate admissible and inadmissible uses of the evidence and wait with his objection until the evidence was offered for an inadmissible purpose.

The State insinuated sufficient evidence existed to sustain a conviction even if the envelope and writings thereon were found inadmissible. The defendant argued the only evidence remaining after the inadmissible evidence was removed was Johnson's testimony from the preliminary examination. He asserted this testimony was insufficient evidence to sustain a conviction.

■ We do not know if, or to what extent, the trial court relied upon the inadmissible evidence in reaching its guilty verdict; but pursuant to the statement made by the court during trial, the probabilities of the court's reliance thereon are strong. Accordingly, we cannot conclude the admission of that evidence was harmless error under Rule 52(a), NDRCrimP, nor can we conclude the State would have been unable to prove its case without the admission of the envelope and the writings on it. There is no other evidence establishing the bag of marijuana admitted into evidence was the same substance allegedly purchased from the defendant. Proof of the nature of the controlled substance, however, can be proved by circumstantial evidence, and does not necessarily require the admission of the substance itself. See *Slettvet v. State*, 258 Ind. 312, 280 N.E.2d 806 (1972); *People v. Fernandez*, 131 Cal.App.2d 565, 280 P.2d 808 (1955). See also, *State v. Iverson*, 219 N.W.2d 191 (N.D.1974); 28 C.J.S.Supp. Drugs & Narcotics § 199. When the con-

trolled substance is not introduced into evidence, however, there must be testimony by someone having, through either education or experience, sufficient knowledge of the substance to indicate it was indeed what the State purports it to be. *Slettvet v. State, supra; People v. Fernandez, supra*; 28 C.J.S.Supp. Drugs & Narcotics § 202. Thus, where the substance is not introduced into trial, the witness called to identify it must be qualified as an expert in accordance with Rule 702, NDREv. In this case, Johnson testified that what he purchased from the defendant was marijuana. There was no evidence, however, establishing Johnson's experience or education as to demonstrate his ability to identify marijuana. Defendant, on the other hand, did not object to a lack of foundation at the preliminary hearing nor to the lack of sufficiency of evidence at trial. The question of sufficiency of evidence should be raised in the trial court to preserve it on appeal. Because, however, we cannot conclude the trial court did not rely on the inadmissible evidence in reaching its conclusion, it is necessary this case be remanded for a new trial. Accordingly, we do not decide the issue of the sufficiency of the evidence in this case.

The verdict of the trial court is reversed and the case remanded to the district court for a new trial.

ERICKSTAD, C. J., and PAULSON, PEDERSON and VANDE WALLE, JJ., concur.