**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Christopher Alan JENSEN, Defendant and Appellant.**

**Crim. No. 870143.**

Supreme Court of North Dakota.

Feb. 1, 1988.

Mack, Moosbrugger, Ohlsen, Dvorak & Carter, Grand Forks, for defendant and appellant; argued by Richard A. Ohlsen.

J.E. Rick Brown, Asst. State's Atty., Grand Forks, for plaintiff and appellee.

GIERKE, Justice.

This is an appeal by Christopher Jensen (Jensen) from a jury verdict convicting him of criminal trespass in violation of Section 12.1–22–03(2)(a), N.D.C.C., a class A misdemeanor. We reverse and remand.

On May 12, 1986, at approximately 2:45 a.m., the Grand Forks Police Department received a report that four individuals were going through an orange colored Maverick in the parking lot of the apartment complex at 815 Duke Drive.[1] Accordingly, several police units were dispatched to the vicinity of 815 Duke Drive.

After arriving at the apartment complex parking lot, Officer Kavadas and the other police officers found an orange colored four-door Maverick with a door open. Then, at this point in time an unknown individual came out of the apartment building to talk to Officer Kavadas and the other police officers. This unidentified person informed the police that four individuals ran when they saw the police cars coming. He also directed the police toward a shed located approximately 100 yards west of the apartment complex and stated that the four individuals were hiding in that vicinity.[2]

The police officers approached the shed and four individuals began to flee in a westward direction. After ordering the individuals to stop, the officers took them into custody. The individuals were then brought back to the vehicle that they were driving. The officers confiscated several items found inside the vehicle. The confis-cated items were later identified as being stolen.[3]

Jensen was arrested and charged with three counts of breaking into a motor vehicle at three separate locations in Grand Forks, one count of possession of a controlled substance, and one count of contributing to the delinquency of a minor.

On September 12, 1986, the three counts of breaking into a motor vehicle were dismissed following a preliminary hearing where it was determined that there was a lack of probable cause. In addition, the charges of possession of a controlled substance and the contributing to the delinquency of a minor were both dismissed by application on October 31, 1986.[4] However, on October 27, 1986, Jensen was charged with theft of property and two counts of criminal trespass.

On May 12, 1987, a jury trial was held. At trial, counsel for Jensen raised a hearsay objection to Officer Kavadas' testimony regarding the statement made to him by the unknown declarant at the apartment complex. In response to the objection, the prosecution argued that the statement was admissible under the present sense impression exception to the general rule excluding the admissibility of hearsay statements. The trial court overruled the objection and the statement was admitted into evidence. The jury returned verdicts finding Jensen "not guilty" of theft of property, "not guilty" of one count of criminal trespass, and "guilty" of the second count of criminal trespass.

On appeal, Jensen argues that the trial court erred in admitting into evidence the hearsay statement under the present sense impression exception. Jensen also argues

1. On the morning of May 11, 1986, Grand Forks police officers assisted a complainant residing at 1513 University Avenue who discovered that someone had entered his vehicle and removed several items.

2. It is unclear whether or not there was an investigation to determine the identity of the individual who came out of the apartment building and provided information to the police officers. Nevertheless, the identity of this individual who may have been a valuable witness was not known at the time of trial.

3. It was discovered that the items confiscated were items reported stolen from a vehicle the previous day.

4. In the applications to dismiss, the prosecutor requested that the charge of contributing to the delinquency of a minor and the charge of possession of marijuana be dismissed "with prejudice on and for the reason that in the interest of justice and to protect the Defendant's Fourth Amendment Guarantees since Defendant has not yet faced charges out of which the above charges arose."

that the admission of inadmissible hearsay violated his Sixth Amendment right to confront adverse witnesses. Finally, Jensen contends that there was insufficient evidence presented at trial to find him guilty of criminal trespass.[5]

It appears from the record that no judgment of conviction has been entered in this case. In the past, this may have meant dismissal of the appeal. However, in 1965 our Legislature amended Section 29–28–06 of the North Dakota Century Code to provide as follows:

"From what defendant may appeal.—An appeal may be taken by the defendant from:

1. A verdict of guilty;
2. A final judgment of conviction;
3. An order refusing a motion in arrest of judgment;
4. An order denying a motion for a new trial; or
5. An order made after judgment affecting any substantial right of the party."

Thus, a defendant may appeal from a guilty verdict. Section 29–28–06, N.D.C.C.; *see also State v. Lewis*, 291 N.W.2d 735, 738 (N.D.1980) (defendant has a right to appeal from jury verdict); *State v. Jacob*, 222 N.W.2d 586, 587 (N.D.1974) (appeal from guilty verdict). Accordingly, we shall proceed to the merits of this appeal.

Because it is dispositive of this appeal, our review focuses on whether or not the trial court erred in admitting into evidence the hearsay statement under the present sense impression exception of Rule 803 of the North Dakota Rules of Evidence.

■ Jensen contends that the trial court erroneously admitted into evidence a hearsay statement under the present sense impression exception.

Hearsay is defined under Rule 801 of the North Dakota Rules of Evidence as, "a statement, other than one made by the declarant while testifying at the trial or

hearing, offered in evidence to prove the truth of the matter asserted."

The general rule excluding the admissibility of hearsay statements is found in Rule 802 of the North Dakota Rules of Evidence which provides as follows:

"Hearsay is not admissible except as provided by these rules, by other rules adopted by the North Dakota Supreme Court, or by statute."

Rule 803 of the North Dakota Rules of Evidence provides a number of exceptions to the hearsay rule. The excepted situations listed in Rule 803 traditionally have been deemed to have circumstantial guarantees of trustworthiness which render hearsay evidence reliable and admissible, even though the declarant may be available to testify. Explanatory Note to Rule 803, N.D.R.Ev. The present sense impression exception to the hearsay rule is set forth under Rule 803 which provides in part as follows:

"The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

"(1) Present Sense Impression. A statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter."

In the instant case, the statement in question was an answer given by Officer Kavadas in response to a question posed by the prosecutor. The text of the testimony that contains the statement in question reads as follows:

"Q Did you speak to anybody else at the scene of 815 Duke Drive?

"A Yes, an individual came out to talk to us.

"Q Did you receive any information as to the possible whereabouts of the people that had been going through your cars?

"[Defense Counsel]: Your Honor, I'm going to have to object as to hearsay concerning any conversation with some-

5. We note that counsel failed to raise these last two issues before the trial court during trial or on post-trial motion.

body that is not present or that we don't have an opportunity to cross examine.

"[Prosecutor]: Your Honor, I believe that this is under Rule 803. This is a present sense impression of a person relating something that was happening or that had just happened. It's not offered to prove that the truth of the matter is served but it certainly is a present sense impression giving directions to the officers who subsequently found the individuals. I mean it's a hearsay objection. It just occurred, and I think if the Court would hear the statement that the State wants to be admitted—is simply that 'if you're looking for the guys, they're over there,' and that's all the State wants to get in.

"THE COURT: [Defense Counsel].

"[Defense Counsel]: Apparently, he's already told the Court what the testimony is, but it's still hearsay. We do have an opportunity to cross examine the witness, and whether it's res gestae, it's certainly a serious question, Counsel.

"[Prosecutor]: Your Honor, hearsay exceptions, under Rule 803, present sense impression is a statement describing and this is not excluded even though the person is not available as a witness. It's a present sense impression that a statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter, and that is the case, here, and that is what the State is requesting the officer to answer to.

"THE COURT: Anything further?

"[Defense Counsel]: I made my objection.

"THE COURT: Going to be overruled. [Prosecutor], you may restate that question.

"Q ... I believe your testimony was that someone came out and talked to you about the car break-ins at that point?

"A Yes, he did.

"Q What direction was given you?

"A He said, 'The guys you're looking for drove up, here, in that car,' and he pointed to a car, and he said, 'When they saw your squad cars come, they ran,' and they were hiding behind a shed, and he indicated an area. There's a house that's a little ways west of the complex a hundred yards, and said, 'They were hiding in the woods behind the shed over there.'"

Thus, the trial court admitted into evidence under the present sense impression exception the testimony of Officer Kavadas regarding a statement made by someone other than himself.

We believe that the testimony given by Officer Kavadas regarding the statement made by the unknown individual was hearsay. However, we must next determine whether or not the statement was admissible as a present sense impression under Rule 803(1) of the North Dakota Rules of Evidence.

Rule 803(1) of the North Dakota Rules of Evidence is identical to Rule 803(1) of the Federal Rules of Evidence. The Federal Advisory Committee Note to Rule 803 of the Federal Rules of Evidence states as follows:

"The underlying theory of Exception ... (1) is that substantial contemporaneity of event and statement negative the likelihood of deliberate or conscious misrepresentation.... Morgan, Basic Problems of Evidence 340–341 (1962)."

Accordingly, the present sense impression exception is limited to statements made while an event or condition is perceived or immediately thereafter. Rule 803(1), N.D.R.Ev. Furthermore, the theory supporting the present sense impression exception is that substantial contemporaneity of the event and the statement negate the likelihood of memory deficiencies and deliberate misstatements.[6] *See* Explan-

6. The assumption underlying Rule 803(1) is that statements of perception which are substantially contemporaneous with an event are highly trustworthy because:

"(1) the statement being simultaneous with the event, there is no memory problem; (2) there is little or no time for calculated misstatement, and (3) the statement is usually made to one who has equal opportunity to

atory Note to Rule 803, N.D.R.Ev.; *see also* Graham Lilly, *An Introduction to the Law of Evidence* § 59 (1978).

In the instant case, the requirement of substantial contemporaneity is lacking. The prosecution failed to establish that the statement was substantially contemporaneous with the event perceived. From the testimony at trial, it appears that the statement in question was given to Officer Kavadas a short time after he arrived at the scene with the other police officers. However, there was no testimony given as to the actual amount of time between the perception of the event and the statement by the individual. Thus, while the record is not entirely clear, it is apparent that the statement was not made simultaneously with the event or immediately thereafter.

Accordingly, we believe that the present sense impression exception is inapplicable in the instant case. We therefore conclude that the trial court erred in admitting into evidence the hearsay statement under the present sense impression exception of Rule 803, N.D.R.Ev.

■ Having determined that the introduction of the hearsay statement into evidence was error, we next must determine whether or not such error was prejudicial.

Initially, we note that other than the hearsay statement the prosecution failed to present any evidence which would establish a connection between Jensen and the possible trespass perpetrated on the orange colored Maverick. The trial court obviously expected the prosecution to present further evidence to support the charge but no additional evidence was presented. Accordingly, we must assume that the jury relied on the hearsay statement to establish a connection between Jensen and the possible trespass.

In *State v. Manning*, 134 N.W.2d 91, 99 (N.D.1965), this Court stated as follows:

"There is no definite rule by which it may be determined whether an error committed by the court in a criminal action, in deciding any question of law arising during the trial, is prejudicial. Not every error is prejudicial, for not every departure from a perfectly tried case will justify a reversal. Each case, therefore, must be decided on its own facts. To be prejudicial, the error must be such that it must, in all probability, have had some effect on the jury's verdict. The purpose of viewing a judgment in a criminal case is not to determine whether the record is perfect, but to determine whether the defendant has had a fair trial under the law and whether his conviction is based on evidence establishing his guilt beyond a reasonable doubt. Only when the appellate court can say that the error assigned could not have prejudiced the defendant in any way, will it be held to be not prejudicial."

Thus, error is prejudicial if the appellate court cannot conclude that the jury verdict was not affected by the error in any way.

In the instant case, Jensen has a substantial right not to have the jury verdict prejudicially affected by the introduction of inadmissible hearsay.

After reviewing the record, we cannot conclude that the admission of the hearsay statement did not prejudicially affect the jury verdict in any way. Accordingly, we remand for a new trial.

For the reasons stated in this opinion, we vacate the verdict, reverse all subsequent orders or judgments, and remand the case for a new trial.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.

"observe and check misstatements." [Footnotes omitted.]

4 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 803(1)[01], at 803–73, 803–74 (1987).