Tara KNUDSON, Petitioner and Appellant,

v.

DIRECTOR, NORTH DAKOTA DEPARTMENT OF TRANSPORTATION, Respondent and Appellee.

Civ. No. 940276.

Supreme Court of North Dakota.

March 16, 1995.

Robert J. Woods of Woods Legal Services, Forest River, for petitioner and appellant.

Gregory B. Gullickson, Sp. Asst. Atty. Gen., Fargo, for respondent and appellee.

LEVINE, Justice.

Tara Knudson appeals from a district court judgment affirming the decision of the North Dakota Department of Transportation to suspend her driving privileges for a period of 365 days for driving while under the influence of intoxicating liquor. We affirm.

The facts are not in dispute. On November 4, 1993, at a few minutes before midnight, Officer Jerry Olson, of the North Dakota Highway Patrol, responded to a radio report from fellow-officer, Wayne French, of a two-vehicle accident on Highway 81, near Grand Forks, between a pick-up and a tractor trailer. At the time of the accident, Trooper French had another vehicle stopped approximately one hundred yards from the scene of the accident, and heard the accident take place.

Upon arriving at the scene of the accident, Olson was informed by French that the driver of the pick-up had not left the vehicle since the accident. Olson approached the vehicle and discovered Tara Knudson sitting in the pick-up. He could smell a strong odor of alcohol on Knudson and noted that her eyes were bloodshot and her speech was

slurred. Olson requested that Knudson come with him to his patrol vehicle where he asked her to perform several field sobriety tests. Knudson failed both the horizontal gaze nystagmus test and the Alco–Sensor test, and Olson placed her under arrest for driving while intoxicated. He then transported Knudson to the Grand Forks County Correctional Center where he performed an Intoxilyzer test which indicated that Knudson's alcohol concentration was 0.19 percent. The test was performed at 12:48 a.m., November 5, 1993, approximately forty-five minutes after Officer Olson arrived at the scene of the accident.

The North Dakota Department of Transportation (Department) held an administrative hearing regarding suspension of Knudson's driving privileges for driving under the influence of alcohol on November 30, 1993 (Hearing I). At the hearing, Officer Olson's testimony as to the time of the accident was:

> "Officer Olson: On 11/4/93 at 23:54 hours, Tara Knudson was involved in a traffic accident on Highway 81 north. I responded to the accident ... which was reported by Trooper Wayne French of the North Dakota State Highway Patrol. He was ... at that location arresting a[n] individual for driving under the influence of alcohol and at that time, the accident occurred within, probably, I suppose, a hundred yards of his location. He contacted me by radio and I responded to that location.

> \* \* \* \* \* \*

> "[Hearing Officer]: About when did you arrive at this scene?

> "Officer Olson: Ten minutes, I believe, after the call. So it would be about ... ten after twelve.

> \* \* \* \* \* \*

> "Mr. Woods: Other than what people told you, specifically Trooper French, let's forget what they told you, can you testify under oath as the exact time of the accident?

> "Officer Olson: As far as what I'm going by was what [sic] I received a call from state radio.... That's the time that

Wayne French was at that location and heard the accident take place."

Knudson's counsel objected to admission of the results of the Intoxilyzer test on the ground that there was no direct evidence that chemical testing was done within two hours of the time of driving or physical control. The hearing officer admitted the test results for the limited purpose of showing that testing was performed at 12:48 a.m., November 5, 1993, and that Knudson's alcohol concentration was 0.19 percent. She excluded it, however, for the purpose of showing the time of driving or physical control. She also excluded as hearsay all of French's statements made to Olson which indicated the exact time of the accident.

The hearing officer's findings of fact as to the time of the accident express her rationale:

> "[Olson's] determination of the time of [the] accident was based on statements made to him by one or more persons, not present at the hearing, which information is hearsay, and also on circumstances of location and time of accident. That area is fairly heavily traveled even late at night and even when road conditions are icy, thus an accident at that corner would not go unnoticed and unreported for more than a few minutes.... The accident happened after 11 p.m. This determination is based on circumstances described for the accident scene, not on statements said to be made to Officer Olson."

Knudson's license was suspended for 365 days.

Knudson appealed to the district court, arguing, in part, that as Olson could not pinpoint the exact time of the accident, the Department had not established that the Intoxilyzer test was administered within two hours of driving, as required under NDCC § 39–20–04.1. The district court agreed that the statements made by French concerning the time of the accident were inadmissible hearsay. Without that evidence, the district court reasoned, the hearing officer's determination was based only on the possibility that, given the time of night, the icy road conditions, and the heavy traffic on Highway 81, the accident would have been reported within

an hour of its occurrence. The district court remanded the matter to the Department for presentation of additional evidence as to the time of driving or of the accident.[1]

Following the district court's order, Knudson applied for a writ of prohibition to prevent the remand and moved for reinstatement of her driving privileges. On April 15, 1994, the district court denied the writ of prohibition, denied the motion for reinstatement of driving privileges, and affirmed the remand.

The Department conducted its rehearing (Hearing II) on Knudson's license suspension. Based on the additional direct testimony of Trooper French that he saw Knudson's pick-up hit a tractor trailer at approximately 11:54 p.m. on November 4, 1994, the hearing officer affirmed her original decision to suspend Knudson's driving privileges for 365 days. Knudson appealed to the district court following Hearing II, arguing that the remand to the Department for additional evidence as to the time of driving was improper. The district court rejected Knudson's argument and affirmed the license suspension.

On appeal to this court, Knudson argues that the district court erred in remanding the case to the Department for introduction of additional evidence on the time of driving.[2] However, because we conclude that the hearing officer in Hearing I improperly excluded evidence which, if admitted, would have supported her finding that the Intoxilyzer test was administered within two hours of the time of driving, we need not decide whether the subsequent remand for additional evidence should have taken place. We decide only that it, and Hearing II, were unnecessary to sustain the hearing officer's decision.

Our review of the findings of an administrative agency is limited to whether the findings of fact are supported by a preponderance of the admissible evidence. *Peterson v. N.D. Dept. of Transp.*, 518 N.W.2d 690

(N.D.1994). "We determine only whether a reasoning mind reasonably could have determined that the factual conclusions reached were proved by the weight of the evidence from the entire record." *Bryl v. Backes*, 477 N.W.2d 809, 811 (N.D.1991).

The Department argues that the hearing officer should have considered Officer Olson's testimony at Hearing I regarding statements made to him by Trooper French because those statements fall within the present sense impression exception to the hearsay rule. We agree.

Since 1991, the North Dakota Rules of Evidence have governed the admissibility of evidence at an administrative hearing unless the parties specifically waive their application. 1991 N.D.S.L. ch. 342 § 7; NDCC § 28–32–06(1). *See, e.g., Madison v. N.D. Dept. of Transp.*, 503 N.W.2d 243 (N.D.1993). We believe it appropriate to explain what standard of review we apply to an evidentiary ruling by an administrative agency hearing officer. Generally, we review a trial court's evidentiary ruling under an abuse of discretion standard. *See, e.g., Crowston v. Goodyear Tire & Rubber Co.*, 521 N.W.2d 401 (N.D.1994); *State v. Whalen*, 520 N.W.2d 830 (N.D.1994). A trial court abuses its discretion when it acts in an arbitrary, unreasonable or capricious manner, *Gissel v. Kenmare Tp.*, 512 N.W.2d 470 (N.D.1994), or misinterprets or misapplies the law. *Heller v. Heller*, 367 N.W.2d 179 (N.D.1985). The basis of this deferential review is the wide discretion afforded to trial courts to control the introduction of evidence at trial. *Williams Cty. Soc. Serv. Board v. Falcon*, 367 N.W.2d 170 (N.D.1985).

Hearing officers also have discretion to "regulate the course of [a] hearing," NDCC § 28–32–11.1, including introduction of evidence. *Id.* § 28–32–06. Even if the Rules of Evidence are waived, a hearing officer may, with or without a proper objection, exclude

---

1. The district court remanded the matter under NDCC § 39–20–06, which says:
 "[t]he court shall affirm the decision of the director or hearing officer unless it finds the evidence insufficient to warrant the conclusion reached by the director or hearing officer. The court may direct that the matter be re-

turned to the director or hearing officer for rehearing and the presentation of additional evidence."

2. At oral argument, counsel for appellant abandoned a second issue briefed for appeal.

objectionable evidence that is "irrelevant, immaterial, unduly repetitious, or excludable on constitutional or statutory grounds, or on the basis of evidentiary privilege recognized in the courts of this state." *Id.* § 28–32–06(2). Given the discretion afforded to hearing officers in the exclusion and admission of evidence, we conclude it appropriate to apply the abuse of discretion standard to those evidentiary rulings.

The hearing officer properly exercised her discretion in correctly determining that statements made to Officer Olson by Trooper French about the time of the accident were hearsay. They were out-of-court statements introduced to establish "the truth of the matter asserted," the actual time of driving. NDREv 801(c). Generally, hearsay evidence is inadmissible. NDREv 802. However, hearsay evidence is admissible if it falls into one of the recognized exceptions to the hearsay rule.

■ One of those recognized exceptions is the present sense impression exception, set forth at NDREv 803(1),[3] which permits introduction of "[a] [hearsay] statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter."[4] The reason for the exception is that substantial contemporaneity of the event and the statement negate the likelihood of memory deficiencies and deliberate misstatements. *State v. Jensen,* 418 N.W.2d 776 (N.D.1988). *See also* 2 McCormick on Evidence, Practitioner Treatise Series § 271 (4th ed. 1992). In addition to contemporaneity of the event and the statement, the circumstances surrounding the statement should demonstrate that it is trustworthy and hence, consistent with the rationale of the exception. *Ramrattan v. Burger King Corp.,* 656 F.Supp. 522 (D.Md.1987); 4 Weinstein's Evidence ¶ 803(1)[01] at 803–92 (1994).

■ There is no per se rule indicating what interval is too long between a person's perception of an event and the person's subsequent statement describing that event. *United States v. Blakey,* 607 F.2d 779 (7th Cir.1979); *Brown v. Tard,* 552 F.Supp. 1341 (D.N.J.1982). The proper inquiry is "whether sufficient time elapsed to have permitted reflective thought." McCormick, *supra* at 214. Ordinarily, whether a statement is substantially contemporaneous with an event is a fact question. *Trautman v. New Rockford–Fessenden Co-op Transport Ass'n,* 181 N.W.2d 754 (N.D.1970). However, when the evidence is such that reasonable minds can draw but one conclusion, the issue becomes one of law. *See Zettel v. Licht,* 518 N.W.2d 214 (N.D.1994).

At Hearing I, the relevant testimony revealed that Trooper French was within one hundred yards of the accident site, that he contacted Olson a few minutes before midnight, and that he told Olson over State radio that he heard the accident take place at 11:54 p.m. Thus, the record indicates that only a few minutes passed between the time French heard the accident and the time he contacted Officer Olson on the radio. We believe that this brief interval nonetheless provides the necessary contemporaneity for admissibility. *See Starr v. Morsette,* 236 N.W.2d 183 (N.D. 1975) [admitting hearsay statements of vehicle's driver which were made a few minutes after an accident as present sense impressions]. *Compare Jensen,* 418 N.W.2d at 780 [refusing to admit hearsay evidence under present sense impression exception because "there was no testimony given as to the actual amount of time between the perception of the event and the statement by the individual."].

In addition, the circumstances surrounding Trooper French's reporting of the accident justify the brief time lapse and ensure the reliability of his statements. Weinstein's Evidence *supra.* Trooper French was on duty at the time he reported the accident to Officer Olson. North Dakota Highway Patrol officers are charged with the authority and

---

**3.** Our "Rule 803(1) of the North Dakota Rules of Evidence is identical to Rule 803(1) of the Federal Rules of Evidence." *State v. Jensen,* 418 N.W.2d 776, 779 (N.D.1988).

**4.** "Perceiving" an event or condition "almost always means seeing, but it embraces hearing and other forms of sensory perceptions too." Christopher B. Mueller, Laird C. Kirkpatrick, Federal Evidence 2d § 434 (1994).

obligation to enforce laws regulating the operation of motor vehicles and use of the highways, including the power to investigate all traffic accidents. NDCC § 39–03–09(1), (7). We have also recognized the implicit trustworthiness of a directive or request for action relayed from one peace officer to another. *See State v. Miller,* 510 N.W.2d 638 (N.D.1994). Based on this record, French's statements were substantially contemporaneous with his perception of the accident, and were made without "reflective thought," thus qualifying them as present sense impressions. We conclude that the hearing officer misapplied the law and thus abused her discretion in excluding evidence of French's statements which indicated the time of the accident.

■ Knudson argues that the Department's failure to prove Trooper French's inability to testify at Hearing I requires exclusion of his hearsay statements. However, the present sense impression exception to the hearsay rule does not require the declarant's unavailability to testify. NDREv 803. *Compare* NDREv 804 [listing exceptions to hearsay rule which require declarant to be unavailable to testify].

■ The Department contends that, if Trooper French's statements are admissible, then the preponderance of the evidence from Hearing I supports the hearing officer's finding that the time of driving or the accident occurred within two hours of 12:48 a.m., November 5, 1994, the time the Intoxilyzer test was administered. We agree.

Section 39–20–04.1, NDCC, authorizes the Department to suspend a person's driver's license if

"the findings, conclusion, and decision from the hearing confirm that the law enforcement officer had reasonable grounds to arrest the person and test results show that the arrested person was driving or in physical control of a vehicle while having a blood alcohol concentration of at least ten one-hundredths of one percent [0.10] by weight at the time of the performance of a test *within two hours after driving or being in physical control of a motor vehicle.*" (Emphasis added.)

In order to rely upon the chemical test results, the test must have been performed within two hours of either driving or actual physical control. *Wolf v. N.D. Highway Comm'r,* 458 N.W.2d 327 (N.D.1990).

We believe that, taking Trooper French's statements into account, the findings of fact from Hearing I are supported by a preponderance of the evidence. *Peterson,* 518 N.W.2d 690. A reasoning mind reasonably could determine from the preponderance of the evidence that the accident occurred after 11:00 p.m. on November 4, 1993, and that the Intoxilyzer test was administered within two hours. *Bryl,* 477 N.W.2d 809. Therefore, we affirm the hearing officer's decision to suspend Knudson's license for a period of 365 days.

Affirmed.

NEUMANN, SANDSTROM and MESCHKE, JJ., concur.

VANDE WALLE, C.J., concurs in the result.