2017 ND 171

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Shawn Mitchell TEGGATZ, Defendant and Appellant**

No. 20160367

Supreme Court of North Dakota.

Filed 7/12/2017

Tessa M. Vaagen, Assistant Burleigh County State's Attorney, Bismarck, ND, for plaintiff and appellee.

James R. Loraas, Bismarck-Mandan Public Defender Office, Bismarck, ND, for defendant and appellant.

Kapsner, Justice.

[¶ 1] Shawn Teggatz appeals from a criminal judgment entered after a jury found him guilty of reckless endangerment and fleeing or attempting to elude a peace officer. Because we conclude the verdicts are supported by substantial evidence and

the district court did not abuse its discretion when it did not permit Teggatz to testify about his mechanic's out-of-court statements, we affirm the criminal judgment.

I

[¶ 2] On April 13, 2016, Teggatz was arrested after spike strips were deployed by police to stop Teggatz's vehicle following a high speed chase. The State charged Teggatz with reckless endangerment under N.D.C.C. § 12.1-17-03 and fleeing or attempting to elude a peace officer under N.D.C.C. § 39-10-71. The district court held a preliminary hearing on May 23, 2016, at which Teggatz pleaded not guilty. The case was heard before a jury on October 5, 2016.

[¶ 3] At trial, an officer testified he was parked facing south while running stationary radar when he observed Teggatz's vehicle traveling northbound at 82 miles per hour. The officer stated as the vehicle got closer to him, it slowed to 74 miles per hour. According to the officer, the highway speed limit is 70 miles per hour in the area where Teggatz was traveling. After the vehicle passed the officer, the officer turned his patrol car around and attempted to catch up to the vehicle. After catching up to Teggatz, the officer activated his emergency lights to initiate a traffic stop. The officer testified he was five or six car lengths from Teggatz at that point. The officer testified:

> The vehicle slowed down to about 50 miles an hour from the 74 it was traveling at. And it went from the passing lane into the right-hand lane and then swerved over the fog line nearly into the ditch and then back into the travel lane and then the passing lane and accelerated away at about 100 miles an hour.

The officer followed the vehicle after it sped off. The officer testified, while he attempted to catch up to Teggatz's vehicle, he was traveling "about 130 miles an hour and [Teggatz's vehicle] was pulling away from me." At trial, the officer estimated Teggatz's vehicle reached speeds of about 140 miles per hour during his pursuit. The officer called for assistance and continued to pursue the speeding vehicle. The officer testified while in pursuit, he observed the vehicle's lights turn off for about a half mile before he turned them back on again.

[¶ 4] Officers deployed spike strips that blew out the front tires on Teggatz's vehicle. The officer in pursuit of the vehicle observed sparks coming from the front rims of Teggatz's vehicle. The officer testified he observed the car continue to drive on its rims on Highway 83 from mile marker 107 to about mile marker 111, where it came to a stop. The officer yelled commands to the driver, but received no response. Other officers arrived on scene. The officer testified Teggatz said the door was locked and asked officers to cut his battery cable. Officers broke the car door to get Teggatz out of the vehicle. Teggatz told officers to take a photo of the accelerator pedal, and the officer testified he took a photo of it, but the photo was lost. The officer also testified that, after being arrested, Teggatz stated he had fled in the past and gotten away. Teggatz moved for judgment of acquittal at the close of the State's case in chief, and the district court denied the motion.

[¶ 5] At trial, Teggatz argued a malfunction with his car had caused his gas pedal to get stuck. Teggatz testified the car he was driving on the night of his arrest had been at a mechanic shop for almost a year, and he had picked it up two days before the incident. The State objected when Teggatz was asked what his mechanic said about the car and argued the question called for hearsay. Teggatz argued what the mechanic told him would fall under the

present sense impression exception to hearsay because the mechanic was describing the condition of the car at the time it was observed. The district court sustained the objection. Teggatz also offered, and the district court admitted, the receipt from the mechanic into evidence. Teggatz testified he had concerns about the accelerator pedal in his car; he stated he had to be careful when he drove it and that the pedal would "fall to the left." Teggatz claimed when he went to pass a vehicle, he "hammered on [his] accelerator" and a piece of the pedal split, causing the accelerator to stick and the car to accelerate uncontrollably. Teggatz stated the car continued to accelerate, and he was not able to stop it until after he had driven over the spike strips.

[¶ 6] After Teggatz rested, the State called rebuttal witnesses. Teggatz renewed his motion for judgment of acquittal at the close of evidence, and the district court again denied the motion. The jury found Teggatz guilty of reckless endangerment and fleeing or attempting to elude a peace officer.

## II

[¶ 7] On appeal, Teggatz argues the district court erred in sustaining the State's hearsay objection when Teggatz sought to testify as to what the mechanic told him about his car. Teggatz argues the State did not produce sufficient evidence to support a conviction for reckless endangerment or fleeing or attempting to elude a peace officer.

## III

[¶ 8] Teggatz argues the district court erred when it did not permit him to testify to statements made by his mechanic regarding his car. "A district court has broad discretion in evidentiary matters, and we will not overturn a district court's decision to admit or exclude evidence unless the district court abused its discretion." *State v. Jaster*, 2004 ND 223, ¶ 12, 690 N.W.2d 213. A district court abuses its discretion when it misinterprets or misapplies the law, or if it acts in an arbitrary, unreasonable, or unconscionable manner. *State v. Thompson*, 2010 ND 10, ¶ 10, 777 N.W.2d 617 (citations omitted).

[¶ 9] Here, the district court excluded Teggatz's statements about what his mechanic told him after the State objected based on hearsay. Hearsay is defined under Rule 801 of the North Dakota Rules of Evidence as a statement that the "declarant does not make while testifying at the current trial or hearing" that is offered to prove the truth of the matter asserted. Hearsay is not admissible unless a statute, the North Dakota Rules of Evidence, or other rules prescribed by the North Dakota Supreme Court, say otherwise. N.D.R.Ev. 802. Rule 803, N.D.R.Ev., provides numerous exceptions to the rule against hearsay. At trial, Teggatz asserted his mechanic's statements were admissible as a present sense impression under N.D.R.Ev. 803(1). Rule 803(1), N.D.R.Ev., provides, "[a] statement describing or explaining an event or condition, made while or immediately after the declarant perceived the event or condition" is an exception to the rule against hearsay.

[¶ 10] At trial, Teggatz was asked, "When you picked up the car ... did the mechanic indicate then that there was problems with the wiring that he had worked on?" The State objected based on hearsay. Teggatz's counsel responded that the statement would be a "present sense impression because that's what he's seen and he's describing the condition of the car at that time." The district court sustained the objection.

[¶ 11] The theory behind the N.D.R.Ev. 803(1) exception for present

sense impression is that "substantial contemporaneity of the event and the statement negate the likelihood of memory deficiencies and deliberate misstatements." *State v. Jensen*, 418 N.W.2d 776, 779 (N.D. 1988) (citations omitted). If that substantial contemporaneity is missing, the underlying reason for permitting the statement is not present. Teggatz argued *Makuc v. American Honda Motor Co.*, 835 F.2d 389 (1st Cir. 1987), supports his position a mechanic's statement about the condition of a vehicle is admissible under the present sense impression exception to hearsay. However, in *Makuc*, the court was able to discern from the record the mechanic's out-of-court statements "described or explained the condition of the bicycle at the very time the mechanic was engaged in examining it." *Id.* at 392 (emphasis added). "There is no per se rule indicating what interval is too long between a person's perception of an event and the person's subsequent statement describing that event." *Knudson v. Dir., N.D. Dep't of Transp.*, 530 N.W.2d 313, 317 (N.D. 1995) (citing *United States v. Blakey*, 607 F.2d 779 (7th Cir. 1979); *Brown v. Tard*, 552 F.Supp. 1341 (D.N.J. 1982)). "The proper inquiry is whether sufficient time elapsed to have permitted reflective thought." *Id.* (citations and quotations omitted). In *Knudson*, the record indicated that "only a few minutes passed" between the observation of the event and the statement describing the event. *Id.* There, we concluded the brief interval "nonetheless provides the necessary contemporaneity for admissibility." *Id.*

[¶ 12] In *Jensen*, this Court recognized the importance of substantial contemporaneity. 418 N.W.2d at 780. This Court stated, "From the testimony at trial, it appears that the statement in question was given to Officer Kavadas a short time after he arrived at the scene with the

other police officers." *Id.* This Court noted, "there was no testimony given as to the actual amount of time between the perception of the event and the statement by the individual." *Id.* This Court determined, "while the record is not entirely clear, it is apparent that the statement was not made simultaneously with the event or immediately thereafter." *Id.* The same is true in this case. Teggatz testified the car was with the mechanic for "[a]lmost a year." There is no testimony to show the mechanic made the statement while observing the specific part of the vehicle. The record indicates Teggatz did not attempt to make any further offer of proof to show the statements were made as the mechanic observed the condition. There was no offer of proof to show the mechanic's statement was made before "sufficient time elapsed to have permitted reflective thought." *Knudson*, 530 N.W.2d at 317 (citations omitted). Thus, there is nothing to show substantial contemporaneity of the statement. We conclude the district court did not abuse its discretion by excluding the statement and not permitting Teggatz to testify about what his mechanic said.

IV

[¶ 13] Teggatz argues the State failed to produce sufficient evidence to sustain guilty verdicts for reckless endangerment and fleeing or attempting to elude a peace officer. We affirm under N.D.R.App.P. 35.1(a)(3), concluding the verdicts are supported by substantial evidence.

V

[¶ 14] We conclude the verdicts are supported by substantial evidence and the district court did not abuse its discretion when it did not permit Teggatz to testify about his mechanic's out-of-court statements. We affirm the criminal judgment.

[¶ 15] Carol Ronning Kapsner

Lisa Fair McEvers

Daniel J. Crothers

Jerod E. Tufte

Gerald W. VandeWalle, C.J.