**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Donald WILSON, Defendant and Appellant.**

**Cr. No. 890179.**

Supreme Court of North Dakota.

Jan. 18, 1990.

Carpenter Offices, Bismarck, for defendant and appellant; argued by Deborah Carpenter.

Alan Keith Duppler, State's Atty., Stanton, for plaintiff and appellee.

GIERKE, Justice.

Donald Earl Wilson (Wilson) raises two issues on appeal from a district court jury verdict which found him guilty of a delivery of a controlled substance. We affirm.

Initially, Wilson contends that there was insufficient evidence to support the jury's verdict. We find that there was substantial evidence to support the jury's verdict and, accordingly, with regard to this issue, affirm pursuant to Rule 35.1(a)(3), N.D.R. App.P.

Wilson's second contention is that he was denied effective assistance of counsel. The allegations of ineffectiveness on the part of Wilson's counsel, failure to cross-examine certain witnesses and failure to include jury instructions on lesser included offenses, may well have involved trial tactics. The record is devoid of any indication as to what testimony would have been adduced through cross-examination or what effect, if any, different jury instructions may have had on the outcome of Wilson's trial. Therefore, we are unable to determine whether Wilson was rendered effective assistance of counsel. In this case, it would be more appropriate for Wilson to seek relief in a post-conviction relief proceeding pursuant to Chapter 29–32.1, N.D.C.C., where both parties would have the opportunity to fully develop a record. Accordingly, we affirm without prejudice with the understanding that Wilson may raise the ineffective assistance of counsel issue at a proceeding for post-conviction relief pursuant to Chapter 29–32.1, N.D.C.C. *State v. Ricehill*, 415 N.W.2d 481, 484 (N.D.1987).

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.