STATE of North Dakota, Plaintiff and Appellee,

v.

Donald WILSON, Defendant and Appellant.

Cr. No. 900220.

Supreme Court of North Dakota.

Feb. 21, 1991.

Alan K. Duppler (argued), States Atty., Stanton, for plaintiff and appellee.

Rolf P. Sletten (argued), Bismarck, for defendant and appellant.

MESCHKE, Justice.

Claiming defective assistance of counsel, Donald Earl Wilson applied for post-conviction relief from a criminal conviction of delivering a controlled drug. The trial court summarily denied his application. Because there were genuine issues of material fact, we reverse and remand for an evidentiary hearing.

Despite Wilson's testimony that he bought, bagged, and delivered parsley, not marijuana, to a police informant for $100, a jury convicted him of violating NDCC 19–03.1–23 by delivering a controlled substance. Wilson appealed, alleging insufficient evidence and ineffective assistance of counsel. We held the evidence sufficient and affirmed his conviction "with the understanding that Wilson may raise the ineffective assistance of counsel issue at a proceeding for post-conviction relief pursuant to Chapter 29–32.1, N.D.C.C." *State v. Wilson*, 450 N.W.2d 422 (N.D.1990). After remand, Wilson applied for post-conviction relief.

In his application, Wilson claimed that his trial counsel failed to offer important testimony from a known independent witness, failed to obtain an independent test of the substance that Wilson delivered, and otherwise defectively represented him. The prosecution moved to summarily dismiss, arguing that there was no genuine issue as to any material fact. The trial court summarily denied Wilson's petition. Wilson appealed, seeking an evidentiary

hearing for his claims of defective assistance of counsel in his criminal trial.[1]

■ Determination of a claim of defective assistance of counsel

requires more than a mere representation of what the testimony would be; we require some form of proof, e.g., an affidavit by the proposed witness, or testimony in a post-conviction-relief proceeding.

*State v. Ricehill,* 415 N.W.2d 481, 484 (N.D.1987). In *Ricehill,* and many decisions since, we have denied direct appellate determination of claims of defective assistance of counsel because a transcript of the trial is seldom adequate to demonstrate that an attorney's conduct of a criminal defense was poor enough to necessitate a new trial. A different procedural environment exists to explore that question in a post-conviction proceeding. Without confinement to the transcript, post-conviction procedures allow development of additional evidence to evaluate claims. Use of the record from the trial does not preclude a defendant from offering other evidence about facts and occurrences not recorded during the trial. NDCC 29–32.1–10. Summary denial of a post-conviction application forecloses that opportunity. When that happens, the post-conviction procedure becomes no better than direct review on appeal.

We recently reviewed the history of the Uniform Post–Conviction Procedure Act. From its initial enactment by North Dakota in 1969 through a revision enacted in 1985, its purpose has been to furnish a method to develop a complete record to challenge a criminal conviction and sentence. *State v. DeCoteau,* 464 N.W.2d 605, 606 (N.D.1990).

Post-conviction relief proceedings are civil in nature [see *State v. Jensen,* 333 N.W.2d 686 (N.D.1983)], and all rules and statutes applicable in civil proceedings are available to the parties. Sec. 29–32–07, N.D.C.C.; *State v. Lueder,* 252 N.W.2d 861 (N.D.1977) [Rule 56, N.D.R. Civ.P., and decisions interpreting the rule

are applicable in post-conviction proceedings].

*Varnson v. Satran,* 368 N.W.2d 533, 536 (N.D.1985). The civil nature of post-conviction proceedings has not changed. *See* NDCC 29–32.1–08, 29–32.1–10, and 29–32.-1–11. As we pointed out in *State v. Lueder,* 252 N.W.2d 861, 866 (N.D.1977), "all rules and statutes applicable in civil proceedings, including pretrial and discovery procedures, are available to the parties," subject only to reasonable control by the trial court. NDCC 29–32.1–08. That remains true.

■ The Uniform Post–Conviction Procedure Act authorizes summary disposition only if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." NDCC 29–32.1–09(1). This is the same standard as for summary judgment in civil cases. NDRCivP 56(c). That is the standard for our review here.

■ Wilson alleged that the missing independent witness, a clerk at a grocery store in Hazen, would have testified that he purchased parsley from her during the time that surveilling officers lost sight of him. The prosecution conceded, in the court below as well as on appeal here, that the grocery clerk would have so testified. The prosecution argues that, since it agreed that the missing defense witness would testify as Wilson alleges, her testimony would only be cumulative. We disagree. This witness was independent of Wilson and his friend who testified, and while partly cumulative, would have strengthened the weight and credibility of Wilson's testimony about purchasing the parsley as well as the weight and credibility of his friend's testimony about bagging it before the delivery. Unless rationally explained, failure to call such a witness raises doubts about the defense attorney's performance. Taken together with other potentially relevant evidence and puzzling closing arguments by Wilson's trial attorney, this record raised genuine issues of

---

1. Wilson's attorney on this appeal was not his trial attorney and did not handle Wilson's first appeal.

material fact for weighing at an evidentiary hearing. Summary disposition is not proper if there are material issues of fact.

The prosecution argues that Wilson's failure to request an independent test of the delivered substance was a deliberate tactic when the prosecution offered a test that the substance was marijuana. That may be a possibility, but not the only possible inference without an explanation from the defense attorney. The consistent defense theory throughout the trial was that a mistake had been made about the substance delivered. Wilson testified that he bought, bagged, and delivered parsley, not marijuana, to the police informant. A friend, at whose house Wilson prepared the bag for delivery, also testified that parsley was bagged. Closing argument by Wilson's defense attorney on this point was more confusing than clarifying:

> For the most part, I find our law enforcement people are men and women of integrity. They absolutely can be trusted. If you were to ask me: Did somebody tamper with that? I would have to say to you, in all honesty, I don't know. Why would I say this? Well the reason is because I don't know every single drug agent or law enforcement officer in this state and I have also heard another person who is saying that this was parsley and something happened to it. Can I stand here and tell you what happened to it? No I can't.

Since the trial court did not have any clarification from Wilson's trial attorney, the trial court could not fairly select an inference adverse to Wilson in a summary disposition.

■ In the post-conviction proceeding, Wilson sought an independent test of the substance delivered and seized. This, too, was denied summarily and without explanation. Since Wilson's theory was that a mistake had been made about the substance seized, an independent test is obviously relevant. If an independent, post-conviction test shows that the substance was in fact parsley, not marijuana, Wilson undoubtedly will be entitled to a new trial on the conflicting evidence. On the other hand, if an independent, post-conviction test confirms that the substance delivered was marijuana, the prosecution likely will prevail. When necessary evidentiary materials are not available to resist a motion for summary judgment, "the court ... may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." NDRCivP 56(f). Without an independent test, Wilson was in no position to resist summary disposition. The trial court foreclosed development of evidence and then, not surprisingly, granted summary disposition for lack of evidence. This was inconsistent with the Uniform Post–Conviction Relief Act.

Circumstances in closing argument also tend to cast doubt on the performance of Wilson's attorney, although alone those circumstances probably would not make an evidentiary hearing necessary. Wilson urges that his defense attorney argued for the prosecution. ("Mr. Wilson ... is someone that is not particularly bright.... I don't think that he used very good judgment in doing what he did."). After demeaning his client, Wilson's attorney also seemed to support, not contest, the prosecution's evidence about the chain of custody of the delivered substance:

> Mr. Duppler stood and he traced that parsley or that marijuana, as you people will decide, from point A all the way through and he knew and you knew where it was every minute. In other words, it never left the hands of law enforcement officers.

Wilson's attorney also muddled the standard for determining Wilson's guilt or innocence:

> But what you have to also do, you have to go in there and while you are deciding it, keep one eye on that burden you must carry or that the State must carry. Is his side of the story true beyond a reasonable doubt? And I think that that standard applies to these facts and will cause you to question whether or not you can return a guilty verdict. Thank you.

Unless explained, these puzzling remarks suggest another material issue about the quality of his attorney's assistance.

■ In all civil cases, the one opposing a summary judgment should benefit from all favorable inferences to be reasonably made from then available evidence. *See*, for examples, *PCA v. Klein*, 385 N.W.2d 485 (N.D.1986); *Dunseith Sand & Gravel Co., Inc. v. Albrecht*, 379 N.W.2d 803 (N.D. 1986). This standard applies equally to post-conviction applications and requires that all reasonable inferences favor the defendant at preliminary stages. *State v. Lueder*, 252 N.W.2d at 866. Where those inferences raise genuine issues of material fact, a defendant is entitled to an evidentiary hearing. *State v. Skjonsby*, 338 N.W.2d 628 (N.D.1983). Here, Wilson raised genuine issues of material fact about deficient conduct of his defense attorney that require an evidentiary hearing.

The importance of the conduct of a criminal defendant's attorney is deeply rooted in our precedents. *See State v. Keller*, 223 N.W. 698, 699 (N.D.1929) (Defendant's retained attorney "so drunk that in effect he had no counsel"). Every defendant is entitled to a fair trial, "and the requirement is not satisfied with one which is a farce and a travesty on justice." *Id.* at 700. Only evidentiary exploration of facts not recorded in the transcript of this trial can determine the reasonableness of this defense attorney's performance.

■ Of course, possible inferences do not conclude the decision. At an evidentiary hearing, Wilson must satisfy a demanding standard to prove that his trial attorney's assistance was so defective that it warrants a new trial. Wilson must show that his trial attorney's representation "fell below an objective standard of reasonableness" and that this defective conduct prejudiced him. *State v. Ricehill*, 415 N.W.2d at 484, (quoting *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). *Strickland* instructs that

the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Id.* 104 S.Ct. at 2068. Here, there are factual questions about whether his trial attorney's representation fell below an objective standard of reasonableness. *Strickland* directed that "the ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged. In every case the court should be concerned with whether, despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results." 104 S.Ct. at 2069. Unless explained, defense arguments aiding the prosecution, combined with unexplained failures to obtain independent evidence and testimony, do not seem to fit within the range of reasonable professional assistance.

Yet, we do not here decide that the performance of Wilson's defense attorney was defective, but only decide that this record calls for resolution of conflicting inferences about his conduct of the defense. Only an evidentiary hearing can do that. Therefore, we reverse the summary denial of the post-conviction application and remand for an evidentiary hearing.

ERICKSTAD, C.J., and MESCHKE, LEVINE, VANDE WALLE and GIERKE, JJ., concur.