Lonny MERTZ, Petitioner and Appellant

v.

STATE of North Dakota, Respondent
and Appellee.

Civ. No. 940391.

Supreme Court of North Dakota.

July 27, 1995.

NEUMANN, Justice.

Lonny Mertz (Mertz) appeals from an order dismissing his application for post-conviction relief. We affirm.

Lonny and Jesse Mertz were divorced in 1981, and he was ordered to pay child support for their three children. Jesse subsequently married Terry Heck.

Large child support arrearages accumulated, and by May 1, 1992, Mertz owed nearly $23,000. During 1992, Mertz settled a labor dispute with his employer and received a settlement of $61,000. In an affidavit, Mertz promised to apply the proceeds of the settlement to his child support arrearages. He failed to do so. Mertz subsequently failed to appear at a hearing, and disobeyed a court order to deposit a settlement check with the court. The court found Mertz had sufficient funds to pay the arrearages and held him in civil contempt of court.

The State then charged Mertz with abandonment or nonsupport of a child in violation of Section 14–07–15, N.D.C.C. The jury returned a guilty verdict and Mertz was sentenced to two years in the State Penitentiary. We affirmed the conviction on appeal. *See State v. Mertz*, 514 N.W.2d 662 (N.D.1994).

Mertz petitioned for post-conviction relief, asserting that he had received ineffective assistance of counsel, that the State had knowingly used perjured testimony, and that various violations of his constitutional rights had occurred. Several of these issues had been raised at the original trial and in the prior appeal. The trial court dismissed the application without a hearing, concluding Mertz had failed to raise genuine issues of material fact. Mertz has appealed.

Under Section 29–32.1–09(1), N.D.C.C., the trial court may summarily dismiss the petition if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. This procedure is akin to summary judgment under Rule 56, N.D.R.Civ.P., and our review of a summary denial of post-conviction relief is like the review of an appeal from summary judgment. *Hoffarth v. State*, 515 N.W.2d 146, 148 (N.D.1994); *DeCoteau v. State*, 504 N.W.2d 552, 556 (N.D.1993); *State v. Wilson*,

Lonny Mertz, Palisade, CO, pro se.

Richard J. Riha (argued), Asst. State's Atty., Bismarck, for respondent and appellee.

466 N.W.2d 101, 103 (N.D.1991). The party opposing a motion for summary disposition is entitled to all reasonable inferences at the preliminary stages of a post-conviction proceeding, and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact. *Hoffarth*, 515 N.W.2d at 149; *DeCoteau*, 504 N.W.2d at 556. However, once the moving party has initially shown there is no genuine issue of material fact, the burden shifts to the opposing party to demonstrate that there is a genuine issue of material fact. *Kummer v. City of Fargo*, 516 N.W.2d 294, 296–297 (N.D.1994). The party opposing the motion may not merely rely upon the pleadings or upon unsupported, conclusory allegations, but must present competent admissible evidence by affidavit or other comparable means which raises an issue of material fact. *Kummer*, 516 N.W.2d at 297; *Richmond v. Haney*, 480 N.W.2d 751, 754 (N.D.1992).

Mertz asserts the trial court erred in summarily dismissing his ineffective assistance of counsel claim because, if afforded a hearing, he would have demonstrated that his trial counsel failed to present evidence which would have shown his ex-wife perjured herself on the stand.

A criminal defendant has the "heavy," "demanding" burden of proving counsel's assistance was ineffective. *Lange v. State*, 522 N.W.2d 179, 181 (N.D.1994); *State v. Dalman*, 520 N.W.2d 860, 863 (N.D.1994); *Wilson*, 466 N.W.2d at 105. The burden is twofold: he must prove (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that he was prejudiced by counsel's deficient performance. *Lange*, 522 N.W.2d at 181; *Dalman*, 520 N.W.2d at 863; *Hoffarth*, 515 N.W.2d at 150. The prejudice element requires that the defendant establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Sampson v. State*, 506 N.W.2d 722, 726 (N.D.1993). The defendant must point out with specificity or particularity how and where trial counsel was incompetent and the probable different result. *State v. Lefthand*, 523 N.W.2d 63, 70 (N.D.1994). For the purpose of deciding the issue raised in this case we will focus upon the prejudice element, assuming, without deciding, that tri-al counsel's performance in this case was deficient.

To place Mertz's claim in context, a brief factual background is necessary. Mertz was charged with violating Section 14–07–15, N.D.C.C., for failing to support his children from May to September 1992. Section 14–07–15 provides, in pertinent part:

> "*Abandonment or nonsupport of child—Penalty.* Every parent or other person legally responsible for the care or support of a child who is unable to support himself by lawful employment, who wholly abandons such child or willfully fails to furnish food, shelter, clothing, and medical attention reasonably necessary and sufficient to keep the child's life from danger and discomfort and his health from injury is guilty of a class C felony.
>
> "Any food, shelter, clothing, or medical attentions, furnished by or through a welfare or charitable program of any governmental agency, civic or religious organization, or a combination thereof, or any intervening third party, on the basis of need, does not avoid, excuse, relieve, or discharge, either parent, or person legally responsible for care and support of a child, from the criminal penalty for the willful failure or neglect to provide such support."

In *State v. Mertz*, 514 N.W.2d at 669, we rejected Mertz's argument that there must be a showing of actual harm to the children:

> "Mertz's argument on the insufficiency of the evidence rests on his incorrect interpretation of § 14–07–15 as requiring that there be proof of actual harm to the children in order to support a conviction. As the statute says, and as we have interpreted it, a person responsible for support cannot avoid criminal liability for nonsupport merely because a third party intervenes and provides that necessary support. While there is no direct evidence that the children suffered actual harm, there is evidence that the children would have suffered harm had it not been for the assistance of Terry Heck and Burleigh County Social Services."

Thus, Mertz's conviction was premised upon evidence that, but for the assistance provided

by Jesse's new husband and social services, the children would have suffered harm.

Mertz asserts that Jesse was financially able to support the children on her own. He bases his assertion on a financial affidavit submitted by Jesse in 1991, in response to a motion to change custody. Jesse claimed at that time a monthly income of $1,100, and a portion of the affidavit stated:

"The names and addresses of my employers are:

Self-employed

AirMaster"

Mertz asserts this affidavit proves Jesse was a part owner of the AirMaster business. At Mertz's criminal trial, Jesse testified that between May and September 1992 her monthly income was $300, and that AirMaster was owned by her husband and his brother.

Mertz's trial counsel cross-examined Jesse about her decline in income between the time of the affidavit in 1991 and May–September 1992. She testified she was working fewer hours in 1992 so she could stay home and take care of the children. Trial counsel did not offer the affidavit into evidence. Mertz asserts trial counsel also ignored his requests to subpoena corporate, financial, and tax records to prove Jesse had an ownership interest in AirMaster.

Mertz argues that, if afforded an evidentiary hearing, he would have subpoenaed AirMaster's records to prove Jesse lied when she claimed no ownership interest in AirMaster. Mertz's argument, however, is premised upon a misunderstanding of the summary disposition procedure. He apparently believes he was entitled to an evidentiary hearing based only upon his conclusory assertions that Jesse had lied and that he would present evidence at the hearing to prove it. The burden was upon Mertz, however, as the party opposing the motion for summary disposition, to present competent, admissible evidence which raised a genuine issue of material fact. Post-conviction proceedings are not fishing expeditions, but are designed to resolve genuine factual disputes which might affect the validity of the conviction.

Mertz did not attempt to locate competent, admissible evidence through available discovery procedures. Section 29–32.1–08, N.D.C.C., permits discovery in post-conviction proceedings upon order of the court or agreement of the parties. *See also Wilson,* 466 N.W.2d at 104. Mertz did not attempt to use this procedure to obtain the records he now claims will prove his assertions. Because Mertz has failed to present evidence of what those records would show, we cannot conclude trial counsel's failure to obtain and present them prejudiced Mertz. The evidence does not establish that, but for counsel's failure to obtain these records, there was a reasonable probability the result of Mertz's trial would have been different.

Mertz has only Jesse's financial affidavit to support his ineffective assistance of counsel claim. This evidence, standing alone, does not raise a genuine issue of material fact that Mertz was prejudiced by counsel's failure to introduce the affidavit into evidence. The affidavit is, at best, ambiguous as to Jesse's alleged ownership of the business.[1] Furthermore, it relates to a different time frame than the one giving rise to Mertz's conviction. Jesse's possible ownership interest in 1991 is irrelevant unless tied to her alleged inability to support the children on her own in May–September 1992. Finally, trial counsel cross-examined Jesse at length about the most significant part of the affidavit: her drop in monthly income from $1,100 in 1991 to $300 in 1992. We agree with the trial court that, standing alone, the affidavit does not raise a genuine issue of material fact on ineffective assistance of counsel because it does not

---

1. By listing her employers as "Self-employed" and, underneath, "AirMaster," Jesse created an ambiguity about the business. There are at least three possible explanations for Jesse's affidavit. One possible interpretation is that, as Mertz argues, she was a part-owner of AirMaster and was self-employed there. The second is that Jesse was an employee of AirMaster and was self-employed in some other endeavor. A third possible explanation is that Jesse did not own any part of AirMaster but, in layman's terms, considered it "self-employment" because her husband owned the business. Some credence is lent to this possible explanation by Jesse's testimony that her husband and brother-in-law owned the business in 1991, but it was not incorporated until shortly before trial in 1993. The affidavit does not, as Mertz alleges, "clearly illustrate" that Jesse had an ownership interest in the business.

support an inference that, if the affidavit had been admitted, there was a reasonable probability the result of Mertz's trial would have been different.

■ We have recognized that a claim of ineffective assistance of counsel is ordinarily unsuited to summary disposition without an evidentiary hearing. *Sampson,* 506 N.W.2d at 726. However, summary disposition is appropriate if the petitioner fails to raise a genuine issue of material fact. *See Hoffarth,* 515 N.W.2d at 150; *Sampson,* 506 N.W.2d at 726. We conclude Mertz failed to raise a genuine issue of material fact that he was prejudiced by counsel's alleged deficient representation, and the trial court did not err in summarily dismissing the ineffective assistance claim.

■ Mertz also asserts the State knowingly used perjured testimony against him, rendering his conviction invalid. He argues that after Jesse testified at his preliminary hearing he sent a letter to the State's Attorney about Jesse's 1991 financial affidavit which he claimed showed she had an ownership interest in AirMaster. He now claims the State's use of Jesse's testimony at trial, when it was aware of Jesse's conflicting affidavit, was improper.

■ If the State knowingly uses perjured testimony the defendant's due process right to a fair trial is violated, and the conviction must be set aside if there is any reasonable likelihood the false testimony could have affected the verdict. *E.g., United States v. Agurs,* 427 U.S. 97, 103, 96 S.Ct. 2392, 2397, 49 L.Ed.2d 342, 349–350 (1976); *Napue v. Illinois,* 360 U.S. 264, 269, 79 S.Ct. 1173, 1177, 3 L.Ed.2d 1217, 1221 (1959); *State v. Thiel,* 515 N.W.2d 186, 190 (N.D.1994). However, merely showing that the witness has made prior statements inconsistent with her trial testimony does not establish that the State knowingly used false or perjured

testimony. *See, e.g., United States v. Adcox,* 19 F.3d 290, 296 (7th Cir.1994); *United States v. Payne,* 940 F.2d 286, 291 (8th Cir.), *cert. denied,* 502 U.S. 994, 112 S.Ct. 616, 116 L.Ed.2d 638 (1991), and *cert. denied,* 503 U.S. 972, 112 S.Ct. 1589, 118 L.Ed.2d 307 (1992).

■ The evidence presented by Mertz falls far short of demonstrating that the State knowingly used perjured testimony. At best, Jesse's financial affidavit is ambiguous about her ownership of the business. Even if it is considered inconsistent with her trial testimony, the State is not precluded from using her testimony at trial merely because she made a prior inconsistent statement. *See Adcox,* 19 F.3d at 296; *Payne,* 940 F.2d at 291. The Rules of Evidence specifically envision impeachment by prior inconsistent statements. *See* Rules 613(b) and 801(d), N.D.R.Evid. Mertz has failed to demonstrate a genuine issue of material fact on his claim of knowing use of perjured testimony.

Mertz has raised numerous additional issues. Those issues which have been previously raised at trial or on the first appeal will not be reviewed again in a post-conviction proceeding. *See* Section 29–32.1–12(1), N.D.C.C.; *Woehlhoff v. State,* 531 N.W.2d 566, 567–568 (N.D.1995); *Hoffarth,* 515 N.W.2d at 150. The remaining issues have been reviewed and are without merit.

The order summarily dismissing Mertz's application for post-conviction relief is affirmed.

VANDE WALLE, C.J., and LEVINE, MESCHKE and SANDSTROM, JJ., concur.