STATE of North Dakota, Plaintiff
and Appellee,

v.

Paul SHEPHERD, Defendant
and Appellant.

Criminal No. 960066.

Supreme Court of North Dakota.

Oct. 22, 1996.

Merle Ann Torkelson, State's Attorney, Washburn, for plaintiff and appellee.

Wayne D. Goter, Wheeler Wolf, Bismarck, for defendant and appellant.

SANDSTROM, Justice.

A jury convicted Paul Shepherd of burglary of a dwelling at night, a class B felony.

On appeal, Shepherd claims the district court abused its discretion in requiring him to complete the sex offender treatment program as part of his sentence and as a condition of parole. We affirm.

## I

On the evening of September 8, 1995, Paul Shepherd patronized a local bar. While conversing with other bar patrons, Shepherd told two witnesses he knew two women with whom he could have sex. After consuming a significant amount of alcohol, Shepherd went to the home of two women. One of the women was awakened when an intruder jumped on top of her. Her sister heard the commotion and went to the living room. The two women struggled with the intruder and both suffered injuries. The intruder left shortly thereafter. There is no dispute Shepherd was the intruder. He is a long-time acquaintance and neighbor of the women. He had been given a key to their home to do some miscellaneous repairs and maintenance. The police later arrested Shepherd at his home.

Shepherd was originally charged with aggravated assault and criminal trespass. N.D.C.C. § 12.1–17–02(3); N.D.C.C. § 12.1–22–03(1). The State amended the information, charging Shepherd with burglary at night in a dwelling, a class B felony. N.D.C.C. § 12.1–22–02(2)(a). He was sentenced to 10 years in the North Dakota State Penitentiary, with 5 years suspended for a period of 10 years. While serving the suspended sentence, Shepherd is to be placed on supervised probation. As a condition of his probation, Shepherd is to "attend, participate in, cooperate with and successfully complete ... [the] sex offender treatment program while incarcerated with follow-up upon release as recommended by treatment staff." In its judgment, the district court ordered Shepherd to "cooperate with and successfully complete" both the alcohol-chemical dependency treatment program and the sex offender treatment program at the North Dakota State Penitentiary. The court also "strongly recommended ... that the defendant not be considered for parole unless he has successfully completed" both programs.

The district court had jurisdiction under N.D. Const. Art. VI, § 8, and N.D.C.C. § 27–05–06(1). The appeal from the district court was filed in a timely manner under N.D.R.App.P. 4(b). This Court has jurisdiction under N.D. Const. Art. VI, § 6, N.D.C.C. § 29–01–12, and N.D.C.C. § 29–28–06.

## II

In its judgment, the district court stated: "It is *strongly recommended* by the Court that the defendant not be considered for parole unless he has successfully completed both treatment programs" (emphasis added). N.D.C.C. § 12–55–30 allows a judge to "make any recommendations or suggestions pertaining to the prisoner which may be of assistance to the board of pardons or the parole board in considering the prisoner's case." The state parole board has the authority to deny or grant parole to inmates. N.D.C.C. § 12–59–05.

■ The district court specifically used the word "recommended." A decision-making body is not bound by a recommendation. *Cf. State v. Halton*, 535 N.W.2d 734, 736 (N.D.1995) (recognizing the court is not bound by sentence recommendations of prosecutors). The district court was within its authority to make such a recommendation to the parole board. The parole board, however, will not be required to deny parole to Shepherd if he fails to complete the sex offender treatment program.

Whether the district court has the authority to impose requirements binding the parole board has not been addressed by this Court. *See State v. Drader*, 432 N.W.2d 553, 555 n. 5 (N.D.1988) (stating "[w]e need not address whether the court had authority to direct such an order to the Parole Board"). We again find it unnecessary to reach that issue because the district court's reference to the sex offender treatment program was clearly a recommendation and not intended to be a binding order.

## III

■ As a condition of probation, the district court required Shepherd "attend, partic-

ipate in, cooperate with and successfully complete ... [the] sex offender treatment program while incarcerated with follow-up upon release as recommended by treatment staff." The district court may impose conditions on probation. *State v. Sahr*, 470 N.W.2d 185 (N.D.1991). N.D.C.C. § 12.1-32-07 provides a list of conditions which the district court may impose. Although N.D.C.C. § 12.1-32-07 does not specifically list sex offender treatment, "[t]he list of conditions under § 12.1-32-07 is not exclusive and the imposition of these conditions is purely a matter of judicial discretion so as to allow a judge to tailor conditions to meet particular facts and circumstances in any given case." *State v. Saavedra*, 406 N.W.2d 667, 671 (N.D.1987).

 "A sentencing court has broad discretion in setting the conditions of probation." *Sahr* at 193. We review the district court's imposition of probation conditions to determine whether the court abused its discretion. *Sahr*. "A trial court abuses its discretion when it acts in an arbitrary, unreasonable, or capricious manner ... or misinterprets or misapplies the law." *Knudson v. Director, North Dakota Dept. of Transp.*, 530 N.W.2d 313, 316 (N.D.1995). "The only statutory limitation on the imposition of conditions of probation is that such conditions must be 'reasonably necessary to ensure that the defendant will lead a law abiding life or assist him to do so.'" *State v. Perbix*, 331 N.W.2d 14, 18 (N.D.1983) (quoting § 12.1-32-07(1)).

" 'A condition of probation which (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality does not serve the statutory ends of probation and is invalid.'" *Perbix* at 19 (quoting *State v. Schlosser*, 202 N.W.2d 136 (N.D.1972)). "[A] condition of probation is valid if it is reasonable and is related to the probationer's reformation and rehabilitation in the light of the offense of which he was convicted." *Perbix* at 19; *see also Schlosser* at 139. In this case, Shepherd argues sex offender treatment is unrelated to the crime of burglary.

Burglary requires willful entrance with "intent to commit a crime therein." N.D.C.C. § 12.1-22-02. Although burglary itself does not contain criminal sexual activity, the underlying crime in this case is reasonably viewed as sexual in nature. The woman awoke finding Shepherd on top of her. Two witnesses heard Shepherd comment earlier that evening about two women with whom he could have sex. The district court found Shepherd's "primary motive was sexual in nature" and it was Shepherd's intent to "disable these women before committing the sexual assault on them." The district court could reasonably find Shepherd intended to commit a sexual assault at the women's home that evening.

IV

We conclude the sex offender treatment was reasonably related to the crime for which Shepherd was convicted. Imposing such treatment as a condition of probation was not an abuse of discretion. The judgment of conviction and sentencing is affirmed.

VANDE WALLE, C.J., and NEUMANN, MARING and MESCHKE, JJ., concur.