1998 ND 30

Randy HOPFAUF, Petitioner
and Appellant,

v.

STATE of North Dakota, Respondent
and Appellee.

Civil No. 970223.

Supreme Court of North Dakota.

Feb. 12, 1998.

Randy Hopfauf, Bismarck, pro se.

Leann K. Bertsch, Assistant State's Attorney, Bismarck, for respondent and appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Randy Hopfauf appealed an order summarily dismissing his application for post-conviction relief. We affirm.

[¶ 2] After a jury trial, Hopfauf was convicted of theft of property. Hopfauf sought a new trial by filing an application for post-conviction relief. The State moved for dismissal of the application. The trial court summarily dismissed Hopfauf's application under N.D.C.C. 29–32.1–09.[1] Hopfauf appealed, contending (1) the court erred in denying him an evidentiary hearing on his claim of ineffective assistance of counsel at trial, (2) the court erred in denying his request for the appointment of counsel, (3) his constitutional rights were violated by trial counsel's failure to call certain witnesses, (4) counsel's failure to appeal Hopfauf's conviction denied him access to the court, (5) the district court judge abused his discretion by failing to recuse himself, and (6) the district court abused its discretion by denying Hopfauf's motion for a change of judge.

[¶ 3] Proceedings under N.D.C.C. Ch. 29–32.1, the Uniform Post-Conviction Procedure Act, are civil in nature. *Falcon v. State*, 1997 ND 200, ¶ 9, 570 N.W.2d 719; *State v. Wilson*, 466 N.W.2d 101, 103 (N.D. 1991). "Post-conviction proceedings are not fishing expeditions, but are designed to resolve genuine factual disputes which might affect the validity of the conviction." *Mertz v. State*, 535 N.W.2d 834, 837 (N.D.1995). Nor is it the purpose of an appointment of counsel under N.D.C.C. 29–32.1–05 to attempt to dredge up an issue for appeal. Rather, when an applicant for post-conviction relief is able to file an application without assistance, and when the application, read most favorably toward the applicant, does not raise the possibility of a substantial issue of fact or law, it is proper for the trial court to deny the request for appointment of counsel. *Woehlhoff v. State*, 531 N.W.2d 566 (N.D.1995); *State v. McMorrow*, 332 N.W.2d 232 (N.D.1983).

[¶ 4] N.D.C.C. 29–32.1–09(1) authorizes summary disposition if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." That is the same standard as for summary judgment in civil cases and is the standard for our review. *Wilson*, 466 N.W.2d at 103. A party resisting a motion for summary judgment "may not simply rely upon the pleadings or upon unsupported, conclusory allegations." *Kummer v. City of Fargo*, 516 N.W.2d 294, 297 (N.D.1994). A party opposing a motion for summary disposition under N.D.C.C. 29–32.1–09(1) "must present competent admissible evidence by affidavit or other comparable means which raises an issue of material fact." *Mertz*, 535 N.W.2d at 836.

[¶ 5] Hopfauf contends that at a new trial he would be able to present new evidence in the form of testimony by witnesses his counsel failed to call at trial. "[T]he sufficiency of the showing necessary to obtain a new trial based on newly discovered evidence is the same whether the ground is raised in a motion for new trial or in an application for post-conviction relief." *State v. Schlickenmayer*, 364 N.W.2d 108, 111 (N.D.1985). A new trial will be granted only if "the evidence is of such a nature that it would probably produce an acquittal at a retrial." *State v. Garcia*, 462 N.W.2d 123, 124 (N.D.1990). Hopfauf has presented no evidence of how any witnesses not called at trial would have testified or how they would have helped his case.

[¶ 6] This court has cautioned defendants about the ineffectiveness of conclusory allegations about trial counsel's failure to call certain witnesses at trial. *See, e.g., State v. Kunkel*, 366 N.W.2d 799, 802 (N.D.1985). In

---

1. N.D.C.C. 29–32.1–09(1) provides a "court may grant a motion by either party for summary disposition if ... there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law."

*State v. Ricehill,* 415 N.W.2d 481 (N.D.1987), the defendant contended his attorney's failure to subpoena a witness in time to have the witness at trial constituted ineffective assistance of counsel. This court declined to consider Ricehill's claim of ineffective assistance of counsel, because the record was "devoid of any indication of what [the witness'] testimony would have been, had he testified." *Id.,* 415 N.W.2d at 484. As we explained, "this court requires more than a mere representation of what the testimony would be; we require some form of proof." *Id.*

[¶ 7] To secure post-conviction relief, it is necessary to show what potential witnesses' testimony would have been:

"Schlickenmayer asserts that he received ineffective assistance of counsel because certain individuals who were present at the scene where Karas died were not called to testify as to the exact time of Karas' death.... However, Schlickenmayer does not name or demonstrate how any potential witnesses, who could have been called to testify at the trial, could have testified in his favor. *State v. Mehralian,* 301 N.W.2d 409, 416 (N.D.1981). Conclusory allegations that counsel failed to call certain witnesses without indicating what the testimony would have been, how it might have affected the outcome of the trial, or what prejudice may have resulted from the failure to call them, do not support a claim of ineffective assistance of counsel."

*Schlickenmayer,* 364 N.W.2d at 112.

[¶ 8] Hopfauf has not identified any potential witnesses his trial counsel failed to call to testify at trial. Hopfauf has not, by affidavit or otherwise, indicated what the testimony of these potential witnesses would have been, or would be at a new trial, how their testimony might have affected the outcome of the trial, or what prejudice resulted from counsel's failure to call them.[2] Because conclusory allegations about trial counsel's failure to call certain witnesses at trial without identifying the potential witnesses, indicating what their

testimony would have been, or indicating how their testimony might have affected the outcome of the trial, are insufficient to raise a genuine issue of material fact, a hearing is not required and relief is not warranted under the Uniform Post–Conviction Procedure Act. We conclude Hopfauf has failed to raise a genuine issue of material fact entitling him to appointment of counsel or a hearing or relief on his claims about counsel's failure to call certain witnesses at trial.

[¶ 9] In an affidavit accompanying his application for postconviction relief, Hopfauf asserted his trial counsel deceived him into believing he would appeal Hopfauf's conviction. Hopfauf has not shown how he was prejudiced by his trial attorney's failure to appeal his conviction. Hopfauf admitted at oral argument that his trial attorney advised him in a letter that "he didn't think ... anything could be appealable."

[¶ 10] In an attempt to establish prejudice, Hopfauf circularly contends he could have received a new trial on appeal on the ground of new evidence—the testimony of witnesses trial counsel did not call at trial. As we have already noted, Hopfauf has not identified any potential witnesses who were not called for testimony at the trial, indicated what their testimony would have been, or indicated how their testimony would have affected the outcome of the trial. Therefore, "we conclude that [Hopfauf] is not entitled to a hearing or post-conviction relief because he has failed to raise a genuine issue of material fact that he was prejudiced by his counsel's failure to pursue the appeal of his conviction." *Sampson v. State,* 506 N.W.2d 722, 726 (N.D.1993).

[¶ 11] We have considered Hopfauf's other issues and we conclude they are without merit. No productive purpose would be served by further discussing them.

[¶ 12] The order dismissing Hopfauf's application for postconviction relief is affirmed.

[¶ 13] SANDSTROM, MARING and MESCHKE, JJ., concur.

2. N.D.C.C. 29–32.1–04(2) provides "[a]ffidavits or other material supporting the application may be attached, but are unnecessary." But proof in the form of affidavits or other material is advisable if evidence is necessary to avoid summary disposition under N.D.C.C. 29–32.1–09(1), *i.e.,* to show there is a genuine issue of material fact.

NEUMANN, Justice, concurring.

[¶ 14] I concur in the majority opinion. However, I believe it is important to note the trial court granted summary dismissal of Hopfauf's application for post-conviction relief in response to the State's motion for summary disposition, and not on its own initiative. Trial courts may have a tendency to scrutinize applications for post-conviction relief *sua sponte*, and dismiss them if they are not supported by sufficient evidentiary showings to resist a motion for summary disposition. I strongly approve of trial courts screening post-conviction applications to ensure they allege a claim for relief that can be granted under the Post–Conviction Procedure Act. However, courts must be cautious not to go beyond the allegations of the application in such an initial screening, to a consideration of the evidentiary support for those allegations. Chapter 29–32.1, N.D.C.C., does not require applications to be supported by affidavits or other evidence. "Affidavits or other material supporting the application may be attached, but are unnecessary." N.D.C.C. § 29–32.1–04(2). Trial courts should not require evidentiary support for an applicant's allegations until the applicant has been given notice he is being put on his proof.

[¶ 15] Because we have said post-conviction proceedings are civil in nature and the rules of civil procedure apply, *State v. Wilson,* 466 N.W.2d 101 (N.D.1991), I believe Rule 12(c), N.D.R.Civ.P., authorizes summary dismissal of a post-conviction application if it fails to allege facts sufficient to give rise to relief under the Post–Conviction Procedure Act. However, Rule 12(c) also says if matters outside the pleadings are to be considered, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, *and all parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56.*" (Emphasis added.) *See also* N.D.C.C. § 29–32.1–09, which applies the same standard as Rule 56(c) to a motion for summary disposition. *State v. Wilson,* 466 N.W.2d at 103. If a trial court goes beyond the sufficiency of an applicant's allegations and considers the evidentiary support for those allegations, due process requires the applicant be given a reasonable opportunity, as contemplated by rule and statute, to present pertinent materials.

[¶ 16] In this case, of course, Hopfauf was given just such a reasonable opportunity when he received notice of the State's motion. In response to that motion, Hopfauf failed to submit any evidence of any facts that might support his conclusory allegations. I therefore concur.

[¶ 17] William A. Neumann