1998 ND 72

STATE of North Dakota, Plaintiff
and Appellee,

v.

Donald E. BENDER, Defendant
and Appellant.

Donald E. BENDER, Petitioner
and Appellant,

v.

STATE of North Dakota, Respondent
and Appellee.

Criminal No. 970014.
Civil No. 970217.

Supreme Court of North Dakota.

April 1, 1998.

Patricia L. Burke (argued), State's Attorney, Bismarck, for plaintiff, respondent and appellee.

Donald E. Bender, Bismarck, pro se.

NEUMANN, Justice.

[¶ 1] Donald Bender appeals from an amended criminal judgment and from an order denying his application for post-conviction relief. We affirm the amended criminal judgment, reverse the order denying post-conviction relief, and remand for further proceedings.

## I. FACTS

[¶ 2] In April 1995 Bender pleaded guilty to criminal trespass and aggravated assault. He was sentenced to five years in the state penitentiary, with three years suspended. Bender was to be placed on probation for those three years, subject to several conditions. One of the conditions required Bender to participate in and complete anger management counseling and chemical dependency treatment, "if possible," while at the penitentiary.

[¶ 3] Bender participated in group alcohol treatment at the penitentiary for four days before quitting the program. He was offered a group anger management program but refused to participate.

[¶ 4] In September 1996 the states attorney was notified Bender had not participated in nor completed the court-ordered treatment programs. The State filed a petition to revoke Bender's probation for failure to comply with the conditions specified in the criminal judgment. Bender testified at the revocation hearing he could not participate in the group programs offered at the penitentiary because they required total honesty, and he could not be honest in a group program with other inmates because he would have to disclose he is gay. He argued he therefore should have been offered individual counseling rather than group programs for his anger management and alcohol dependency problems.

[¶ 5] The trial court concluded Bender had failed to satisfy the conditions of the criminal judgment and ordered his probation revoked. An amended criminal judgment was entered on December 10, 1996, sentencing Bender to five years in the penitentiary with credit for the two years already served. Bender appealed from the amended criminal judgment.

[¶ 6] While that appeal was pending, Bender filed an application for post-conviction relief on June 12, 1997. Bender's application raised the same issues raised in his direct appeal from the amended judgment, and additionally asserted he had received ineffective assistance of counsel in the revocation proceedings. Without waiting for a response from the State, the trial court sent a letter to Bender dated June 16, 1997, stating "I find no merit in the application" and denying Bender's request for appointment of counsel. On June 20, 1997, the court issued a one-sentence order denying the application for post-conviction relief. Bender appealed, and the two appeals have been consolidated.

## II. APPEAL FROM AMENDED JUDGMENT

[¶ 7] Bender asserts the trial court did not have the authority to require his participation in chemical dependency treatment and anger management counseling while in prison.

[¶ 8] N.D.C.C. § 12.1–32–02 authorizes the court to sentence to a term of imprisonment, and the court may suspend the execution of part or all of the sentence. If the court suspends any part of the sentence, it must place the defendant on probation during the term of suspension. N.D.C.C. § 12.1–32–02(3). The trial court followed this procedure when it sentenced Bender.

[¶ 9] N.D.C.C. § 12.1–32–07 gives the court broad discretion to impose conditions when placing a defendant on probation, and provides a list of conditions which the court may impose. *State v. Shepherd*, 554 N.W.2d 821, 823 (N.D.1996); *State v. Sahr*, 470 N.W.2d 185, 193 (N.D.1991). Although the statute does not explicitly list chemical dependency treatment or anger management counseling, the list of conditions under N.D.C.C. § 12.1–32–07 is not exclusive and the imposition of conditions of probation is purely a matter of judicial discretion, allowing the trial court to tailor conditions to meet the particular facts and circumstances of each case. *Shepherd*, 554 N.W.2d at 823;

*State v. Saavedra*, 406 N.W.2d 667, 671 (N.D. 1987). Accordingly, we held in *Shepherd* that the court, when it suspended part of the sentence, could require the defendant to participate in and complete a sex offender treatment program while in prison as a prior condition of probation.

[¶ 10] The only statutory limitation upon the imposition of conditions of probation is the requirement in N.D.C.C. § 12.1–32–07(2) that the conditions be "reasonably necessary to ensure that the defendant will lead a law-abiding life or to assist the defendant to do so." *Shepherd*, 554 N.W.2d at 823; *Sahr*, 470 N.W.2d at 193. A condition of probation is valid if it is reasonable and is related to the defendant's reformation and rehabilitation in light of the offense committed. *Shepherd*, 554 N.W.2d at 823.

[¶ 11] In this case, Bender committed a stabbing while under the influence of alcohol, and pleaded guilty to criminal trespass and aggravated assault. Requiring Bender to participate in alcohol treatment and an anger management program as a condition of probation is reasonable and is related to the offenses he committed. We conclude the trial court was authorized to impose these conditions on probation.[1]

[¶ 12] Bender next asserts the requirement that he undergo counseling and treatment "if possible" while incarcerated at the penitentiary was ambiguous. Bender interprets the phrase "if possible" to mean he could reject the treatment and counseling programs if he decided there were "difficulties" with the programs, or could decide to participate in such programs while on probation after his release from prison.

[¶ 13] We find no ambiguity in the original criminal judgment. The court clearly intended that Bender was required to attend these programs if they were available at the penitentiary and if staff decided the programs were appropriate for Bender. Bender's suggested reading of the phrase "if possible,"

---

1. Bender did not object to these conditions and, at the time of sentencing, his counsel stated "[w]e have no specific objections to" the conditions imposed. Bender did not appeal the original criminal judgment and sentence.

allowing him to decide if he wanted to participate in the programs, is ludicrous.

[¶ 14] Bender also asserts the court could not revoke his probation before it began, while he was still incarcerated. Bender suggests the court must wait until he is actually released on probation before commencing proceedings to revoke the probation.

[¶ 15] Our statutes allow the court to sentence a defendant to a term of imprisonment with a portion of that term suspended. N.D.C.C. § 12.1–32–02(3). The court must place the defendant on probation during the term of suspension, and is authorized to specify conditions of the probation. N.D.C.C. §§ 12.1–32–02(3), 12.1–32–07(4). Probation may be revoked for violation of any condition of probation:

> "If the defendant violates a condition of probation *at any time before the expiration or termination of the period,* the court may continue the defendant on the existing probation, with or without modifying or enlarging the conditions, or may revoke the probation and impose any other sentence that was available under section 12.1–32–02 or 12.1–32–09 at the time of initial sentencing or deferment. In the case of suspended execution of sentence, the court may revoke the probation and cause the defendant to suffer the penalty of the sentence previously imposed upon the defendant."

N.D.C.C. § 12.1–32–07(6) (emphasis added). The statute explicitly allows revocation at any time before the period of probation expires, and does not prohibit revocation of subsequent probation if the defendant violates the conditions of probation while still incarcerated. The court in this case followed the statute, revoked Bender's probation, and ordered that the suspended three years be served.

[¶ 16] We have considered the remaining arguments raised by Bender related to the revocation proceedings and find them to be without merit. The amended criminal judgment is affirmed.

## III.  POST-CONVICTION RELIEF

[¶ 17] Bender's application for post-conviction relief primarily raised the same issues he has raised on direct appeal from the amended criminal judgment. In addition, Bender asserted in his application that he received ineffective assistance of counsel at the revocation hearing because his attorney refused Bender's request that he subpoena a psychiatrist who had examined Bender. Bender alleged the psychiatrist would have testified the group treatment and counseling programs would have been inappropriate for Bender. The trial court, without waiting for a response from the State, denied Bender's application in a one-sentence order.

[¶ 18] Under N.D.C.C. § 29–32.1–09(1), the trial court may summarily dispose of an application for post-conviction relief:

> "The court may grant a motion by either party for summary disposition if the application, pleadings, any previous proceeding, discovery, or other matters of record show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law."

This procedure is "akin to" summary judgment under N.D.R.Civ.P. 56. *Mertz v. State,* 535 N.W.2d 834, 835 (N.D.1995); *see also Hopfauf v. State,* 1998 ND 30, ¶ 4, 575 N.W.2d 646; *DeCoteau v. State,* 504 N.W.2d 552, 556 (N.D.1993). The State asserts summary disposition was appropriate in this case because Bender failed to provide evidentiary support for his assertion counsel was ineffective.

[¶ 19] N.D.C.C. § 29–32.1–04 specifies the requirements for an application for post-conviction relief, and directs the application must "set forth a concise statement of each ground for relief, and specify the relief requested." The statute further requires the application refer to the pertinent portions of the record of prior proceedings and, if those portions of the record are not in the court's files, they must be attached to the application. *See* N.D.C.C. § 29–32.1–04(2). However, "[a]rgument, citations, and discussion of authorities are unnecessary," and "[a]ffidavits or other material supporting the application may be attached, *but are unnecessary."* N.D.C.C. § 29–32.1–04 (emphasis added).

The statute does not require the applicant to include in the original application all supporting evidentiary matter necessary to meet a potential motion for summary judgment, yet that is precisely the standard the State seeks to impose in this case.

[¶ 20] The express purpose of the Uniform Post–Conviction Procedure Act, as codified in N.D.C.C. Ch. 29–32.1, is to furnish a method to develop a complete record to challenge a criminal conviction. *State v. Wilson,* 466 N.W.2d 101, 103 (N.D.1991). It would be blatantly unfair to subject a defendant's post-conviction application to summary dismissal for failure to provide evidentiary support not available in the record of prior proceedings, when the statute explicitly provides such evidentiary support is "unnecessary" in the original application. The defendant is not required to provide evidentiary support for such allegations until he has been given notice he is being put on his proof. If the trial court, in initially screening the application, goes beyond the bare allegations and considers the evidentiary support for those allegations, the defendant must be given a reasonable opportunity to present pertinent materials.[2]

[¶ 21] This is particularly true regarding claims of ineffective assistance of counsel, which are ordinarily unsuited to summary disposition without an evidentiary hearing. *See Mertz,* 535 N.W.2d at 838; *Sampson v. State,* 506 N.W.2d 722, 726 (N.D.1993). This rationale supports our admonitions, repeated in numerous cases, that it is preferable to first raise claims of ineffective assistance of counsel in post-conviction proceedings before the trial court with the opportunity for an evidentiary hearing to establish a record for review, rather than on direct appeal. *See, e.g., State v. Bengson,* 541 N.W.2d 702, 703 (N.D.1996); *Hoffarth v. State,* 515 N.W.2d 146, 150 (N.D.1994); *State v. Robertson,* 502 N.W.2d 249, 251 (N.D.1993); *Wilson,* 466

N.W.2d at 103. As we explained in *Wilson,* 466 N.W.2d at 103:

> "[W]e have denied direct appellate determination of claims of defective assistance of counsel because a transcript of the trial is seldom adequate to demonstrate that an attorney's conduct of a criminal defense was poor enough to necessitate a new trial. A different procedural environment exists to explore that question in a post-conviction proceeding. Without confinement to the transcript, post-conviction procedures allow development of additional evidence to evaluate claims. Use of the record from the trial does not preclude a defendant from offering other evidence about facts and occurrences not recorded during the trial. NDCC 29–32.1–10. Summary denial of a post-conviction application forecloses that opportunity. When that happens, the post-conviction procedure becomes no better than direct review on appeal."

This reasoning applies with particular force when, as in this case, the defendant's allegations of ineffective assistance involve incidents which did not occur in open court and require additional evidence and development of a record for review. *Robertson,* 502 N.W.2d at 251 n. 1.

[¶ 22] This case is distinguishable from recent cases in which we have upheld summary denials of post-conviction relief. In cases such as *Hopfauf,* 1998 ND 30, 575 N.W.2d 646, and *Bell v. State,* 1998 ND 35, 575 N.W.2d 211, the State filed motions for summary disposition of the applications. The defendants in those cases were put to their proof, and summary disposition occurred only after they then failed to provide sufficient evidentiary support for their allegations. In those cases we ruled that the party opposing the motion for summary disposition may not rely upon his pleadings, but must present evidentiary support *in response to the motion. See Hopfauf,* 1998 ND 30,

---

2. We do not suggest, however, that the trial court is without authority to screen applications for post-conviction relief to weed out facially invalid claims. Preliminary judicial dismissal of an application may be appropriate to dispose of "unmistakably frivolous allegations" or "wholly frivolous" applications. *Woehlhoff v. State,* 531

N.W.2d 566, 569 (N.D.1995) (quoting ABA Standards for Criminal Justice, Standard 22–4.2 (1978)). Allowing limited judicial discretion to screen applications for patently frivolous claims is necessary to preserve valuable judicial and prosecutorial resources.

¶ 4, 575 N.W.2d 646; *Bell,* 1998 ND 35, ¶¶ 36–37, 575 N.W.2d 211.

[¶ 23] In this case, Bender's application was effectively denied four days after he mailed it to the court, when the court sent a letter advising Bender, "I find no merit in the application." The formal order denying relief, issued four days later, provided in its entirety: "IT IS HEREBY THE ORDER OF THE COURT that the Application for Post–Conviction Relief is denied." Bender was never afforded an opportunity to provide the evidentiary support for his application which the State now claims is lacking.

[¶ 24] Bender's allegations of ineffective assistance of counsel are not patently frivolous. Accordingly, under the facts in this case the trial court erred in summarily denying the application for post-conviction relief without a responsive pleading or motion by the State, and without affording Bender an opportunity to provide evidentiary support for his allegations.

## IV. CONCLUSION

[¶ 25] The amended criminal judgment is affirmed. The order summarily denying the application for post-conviction relief is reversed, and that matter is remanded for further proceedings in accordance with this opinion.

[¶ 26] VANDE WALLE, C.J., MESCHKE and MARING, JJ., and ROBERT W. HOLTE, District Judge, concur.

[¶ 27] ROBERT W. HOLTE, District Judge, sitting in place of SANDSTROM, J., disqualified.

