2004 ND 125

**STATE of North Dakota, Plaintiff and Appellee**

**v.**

**Edward Martin EHLI, Defendant and Appellant.**

**No. 20030327.**

Supreme Court of North Dakota.

June 30, 2004.

Brian D. Grosinger (on brief), Assistant State's Attorney, Mandan, ND, for plaintiff and appellee.

Edward Martin Ehli (on brief), pro se, Metairie, LA, defendant and appellant.

KAPSNER, Justice.

[¶ 1] Edward Ehli appeals from an order amending the conditions of his probation which prohibit contact with children under 18 and prohibit him from accessing the Internet. We affirm.

I.

[¶ 2] In 1999, Ehli pleaded guilty to continuous sexual abuse of a minor under N.D.C.C. § 12.1–20–03.1, a class A felony. Ehli was sentenced to twelve years in prison, with seven years suspended. Ehli's suspended sentence included conditions of probation which prohibited Ehli from having contact with minor children under the age of 18 and prohibited Ehli from having access to the Internet.

[¶ 3] On February 14, 2003, Ehli made a request to the district court to amend the conditions of his probation to allow him to see his minor children and to allow him use of the Internet because his occupation involved computers and access to the Internet. The State failed to respond to Ehli's request, and the district court granted his request to amend his probation on March 4, 2003.

[¶ 4] On March 20, 2003, the State moved to reconsider the district court's order to amend Ehli's probation. The district court granted the State's motion on March 25, 2003, and vacated the order amending Ehli's probation conditions. Ehli appealed to this Court. In *State v. Ehli,* 2003 ND 133, ¶ 1, 667 N.W.2d 635 (*Ehli I*), this Court reversed the district court's order vacating the March 4, 2003, order on procedural grounds.

[¶ 5] In *Ehli I,* this Court held the district court did not comply with N.D.R.Ct. 3.2(a), because the district court issued the order reversing the March 4, 2003, order before it received Ehli's response brief. The opinion did not preclude the State from seeking reinstatement of the original conditions of probation.

[¶ 6] The State sought reinstatement of the original conditions of probation. The district court issued an order on October 29, 2003, reinstating the original probation conditions which precluded Ehli from having contact with minor children and using the Internet. Ehli appealed to this Court.

II.

[¶ 7] Ehli argues he has a constitutional right to see his children and the conditions of his probation prevent him from doing so. Ehli argues the district court order reinstating his probation conditions is a de facto termination of parental rights and therefore, unconstitutional. Although he does not say so explicitly, Ehli appears to argue his due process rights were violated. Ehli does not raise any procedural issues in this appeal regarding compliance with N.D.R.Ct. 3.2.

[¶ 8] Ehli argues access to his children is of "constitutional dimension." Ehli also argues the State circumvented proper procedure for termination of parental rights because the conditions of his probation prohibit him from seeing his minor children. Ehli argues this constitutes a de facto termination of Ehli's parental rights.

[¶ 9] In *Ehli I,* this Court recognized the parent-child relationship is of "constitutional dimension." *Ehli I,* at ¶ 7. In the same opinion, this Court also noted "[t]hat right is not, however, absolute and unconditional, and it may be curtailed or suspended if harmful to the child." *Ehli I,* at ¶ 7 (citing *In re B.N.,* 2003 ND 68, ¶ 19, 660 N.W.2d 610; *In re Adoption of S.A.L.,* 2002 ND 178, ¶ 10, 652 N.W.2d 912; *In re T.K.,* 2001 ND 127, ¶ 12, 630 N.W.2d 38). Ehli's rights concerning visitation of his

children are not absolute. If the district court determined continued contact could harm the children, Ehli does not necessarily have the right to visitation or contact.

[¶ 10] Section 12.1–32–07, N.D.C.C., governs the district court's authority to impose conditions when placing a defendant on probation. *State v. Bender,* 1998 ND 72, ¶ 9, 576 N.W.2d 210 (citing *State v. Shepherd,* 554 N.W.2d 821, 823 (N.D.1996); *State v. Sahr,* 470 N.W.2d 185, 193 (N.D.1991)). The implementation of conditions on a defendant's probation is purely a matter of discretion. *Bender,* at ¶ 9. "The only statutory limitation upon the imposition of conditions of probation is the requirement in N.D.C.C. § 12.1–32–07(2) that the conditions be 'reasonably necessary to ensure that the defendant will lead a law-abiding life or to assist the defendant to do so.'" *Id.* at ¶ 10 (citing *Shepherd,* 554 N.W.2d at 823). In *Bender,* this Court ruled "a condition of probation is valid if it is reasonable and is related to the defendant's reformation and rehabilitation in light of the offense committed." *Bender,* at ¶ 10 (citing *Shepherd,* 554 N.W.2d at 823).

[¶ 11] In its order vacating the March 4, 2003, order amending Ehli's conditions of probation, the district court found "that there is good cause for the motion." We agree. In this case, Ehli pleaded guilty to continuous sexual abuse of a seven-year-old female. He was living with the child's mother and developed a father-daughter relationship with the child. He took care of her at night while her mother was working and she called him "dad." Additionally, Ehli used pornography from the Internet to "instruct" the child on certain adult sexual acts. The conditions of probation preventing him from having contact with his minor children and prohibiting him from using the Internet were reasonable and related to the offense committed. *See Bender,* at ¶ 11 (holding alcohol treatment and anger management as conditions of probation are reasonable and related to the offenses committed); *see also Nelson v. Jones,* 944 P.2d 476, 481 (Alas.1997)(ruling that conditioning contact with a child upon completing a sex offender treatment program is not a de facto termination of parental rights).

[¶ 12] In *Nelson,* the trial court conditioned the defendant's contact with his minor child upon the defendant's completion of a sex offender treatment program. *Nelson,* at 478. During the course of the program, Nelson refused to admit he committed sexual abuse against his child and treatment was terminated by the counselor. *Id.* Nelson argued that although the trial court did not formally terminate his parental rights, it functionally terminated his parental rights by depriving him of all visitation with his daughter for ten years. *Id.* at 479. The *Nelson* court held Nelson's parental rights had not been constructively terminated because the key to changing the conditions of his probation were within Nelson's control. *Id.* at 480.

[¶ 13] Similarly, in its brief, the State acknowledged proof of rehabilitation could be a step toward modification of Ehli's conditions of probation. The State also acknowledged Ehli did not appear to be progressing toward any rehabilitative goals. In his numerous letters and various motions before the district court, Ehli's attitude regarding his crime indicated a failure to acknowledge the seriousness of his crime. Conditions on probation are subject to modification. N.D.C.C. § 12.1–32–07(7). The power to change the conditions of probation lies within Ehli's control. If Ehli could demonstrate to the district court genuine rehabilitation, Ehli could move the district court for modification of his probation conditions.

[¶ 14] Ehli argues the State has failed to follow proper procedures to terminate his parental rights, which constitutes a due process violation. In his brief, Ehli appears to argue his constitutional rights have been violated. A party asserting a constitutional claim must fully brief the basis for his constitutional claim or expect that it will not be reviewed. *Grand Forks Prof'l Baseball v. N.D. Workers Comp. Bureau,* 2002 ND 204, ¶ 17, 654 N.W.2d 426 (citing *State v. Kensmoe,* 2001 ND 190, ¶ 19, 636 N.W.2d 183).

[¶ 15] Ehli's argument that the imposition of the probation conditions is a de facto termination of parental rights is without merit. He offers no case law or other authority in his brief to support his contention that probation conditions constitute a de facto termination of parental rights. "Without citations to relevant authority or supportive reasoning, an argument is assumed to be without merit." *Snyder v. N.D. Workers Comp. Bureau,* 2001 ND 38, ¶ 20, 622 N.W.2d 712 (citing *Friedt v. Moseanko,* 484 N.W.2d 861, 863 (N.D.1992)).

[¶ 16] The conditions for Ehli's probation were originally imposed at the time of his sentencing. Ehli did not appeal the conditions after the original sentencing. Ehli has shown no reason why those conditions are less related to his rehabilitation in light of the offense for which he was convicted than those conditions were when originally imposed.

[¶ 17] The district court order is affirmed.

[¶ 18] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, WILLIAM A. NEUMANN, and DALE V. SANDSTROM, JJ., concur.