Filed 7/1/15 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2015 ND 166

State of North Dakota, Plaintiff and Appellee

v.

Jonathan Horvath, Defendant and Appellant

Nos. 20140468-20140470

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable David W. Nelson, Judge.

AFFIRMED.

Per Curiam.

Nathan K. Madden, Assistant State’s Attorney, P.O. Box 2047, Williston, ND 58802-2047, for plaintiff and appellee.

Scott O. Diamond, 210 Broadway, Ste. 401B, Fargo, ND 58102, for defendant and appellant.

State v. Horvath

Nos. 20140468-20140470

Per Curiam.

[¶1] 
Jonathan Horvath appeals from criminal judgments entered after a jury found him guilty of terrorizing, reckless endangerment and murder.  Horvath appeals from all of the verdicts but on appeal only argues insufficient evidence supports the jury’s murder verdict.  In a supplemental statement of an indigent defendant submitted under N.D.R.App.P. 24, Horvath essentially argues insufficient evidence supports the jury’s terrorizing verdict because a witness offered perjured testimony.  We summarily affirm under N.D.R.App.P. 35.1(a)(3), concluding the verdicts are supported by substantial evidence. 

[¶2] Horvath’s supplemental statement also claims the prosecuting attorney denied him a fair trial by offering perjured testimony and making an improper closing argument about who was in a vehicle after the shooting. “If the State knowingly uses perjured testimony the defendant’s due process right to a fair trial is violated, and the conviction must be set aside if there is any reasonable likelihood the false testimony could have affected the verdict.”  
Mertz v. State
, 535 N.W.2d 834, 838 (N.D. 1995). Horvath has not shown how the disputed testimony, which he claims was perjured, would have affected the jury’s verdict.  We summarily affirm under N.D.R.App.P. 35.1(a)(7).

[¶3] 
Gerald W. VandeWalle, C.J.

Daniel J. Crothers

Lisa Fair McEvers

Carol Ronning Kapsner

Dale V. Sandstrom